**David Mendoza CAMPOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–84–00412–CR.**

Court of Appeals of Texas,
San Antonio.

March 31, 1986.

F.J. Stenberg, San Antonio, for appellant.

Sam Millsap, Jr., Mike Granados, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for the offense of theft by receiving. TEX.PE-NAL CODE ANN. § 31.03(a), (b)(2) (Vernon Supp.1986). After a jury verdict of guilty, the court assessed punishment at five years' imprisonment.

Appellant brings three grounds of error, the first that the trial court erred in overruling his motion to suppress evidence seized during a search of his residence. He argues there was no probable cause alleged to support issuance of the warrant and seizure of the subject property.

The affidavit recited, in pertinent part;

\* \* \* \* \* \*

The affiant received reliable and credible information that DAVID MENDOZA CAMPOS was selling INSULATION MATERIAL from his residence, and that he (CAMPOS) was running a sales AD in the express news paper. This officer, working in an undercover capacity did in fact make a transaction over the telephone to purchase (7) large 'BATTS' of insulation material.

On THURSDAY morning, this officer and the owner of BEXAR INSULATION COMPANY INC. went to 5127 CROW WING for the purpose of inspecting the insulation material. The owner jotted down several 'LOT' numbers and then we advised ORALIA P. CAMPOS that we would return in the late afternoon with a truck to load the material contracted for.

LATER in the day, the owner of BEXAR insulation advised this officer that the lot numbers transcribed by him were in fact shipped to his company 10–17–83 on invoice # G52YSO9454-01 from McPHEARSON KANSAS on BEXAR

ins. company purchase order number # 2036. The owner advised that he is aware of materials disappearing from his warehouse, but was not aware of the thefts of this particular insulation materials.

\* \* \* \* \* \*

Appellant argues the affidavit: fails to indicate the credibility of the informant; fails to specify when the telephone conversation transpired or that the telephone number was listed under appellant's name; fails to indicate that the address is that of appellant; fails to indicate on which Thursday the inspection occurred; fails to reflect that the telephone conversation and inspection occurred in close proximity timewise to provide a reasonable basis for probable cause; fails to indicate the credibility and reliability of the owner of Bexar Insulation Company (Bexar Insulation); fails to state that the lot numbers transcribed by the owner of Bexar Insulation were identical to those shipped to the company; fails to establish the time when the owner of Bexar Insulation noticed the insulation materials were missing and it fails to indicate the type of materials which were missing; and fails to state the address of the Bexar Insulation Company Warehouse.

In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the rigid two-prong test for determining whether an informant's tip establishes probable cause for issuance of a warrant, established in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. U.S.,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In its place, the court substituted a "totality of the circumstances" standard.

This totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied by every informant's tip....

Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a

neat set of legal rules.... Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. Rigid legal rules are ill-suited to an area of such diversity.

*Illinois v. Gates, supra,* 462 U.S. at 230–32, 103 S.Ct. at 2328–29. This standard has likewise been adopted and applied by Texas courts. *See Hennessy v. State,* 660 S.W.2d 87 (Tex.Crim.App.1983). *Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984) extended the application to warrantless arrests and searches.

■ Viewing the affidavit in light of the "totality of the circumstances," we find there was probable cause alleged which supported the magistrate's decision to issue the warrant. In addition, the information provided by the owner-complainant, termed reliable and credible, was substantially corroborated by independent on-site police investigation before issuance of the search warrant. *See Gates v. Illinois, supra,* 462 U.S. at 243, 103 S.Ct. at 2334; *Eisenhauer v. State, supra,* at 955. The trial court correctly denied the motion to suppress. We overrule the first ground of error.

■ Because appellant was charged with theft by receiving, § 31.03(a), (b)(2), *supra,* the State was bound to prove these elements of the offense: (1) a person, (2) with the intent to deprive the owner of property, (3) appropriated property, (4) which is stolen property, (5) knowing it was stolen, (6) by another. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983); *see Dennis v. State,* 647 S.W.2d 275 (Tex.Crim.App. 1983).

As we understand the hearsay argument in ground of error two, appellant attacks the proof of ownership by Dawson (Bexar Insulation owner) of the subject property. The indictment alleged that the property had been stolen from the lawful owner, Joseph Dawson; thus, the State had the burden to prove that he was the owner.

Attempting to identify insulation materials found at appellant's residence as belonging to Bexar Insulation, the company's owner, Dawson, testified that personnel at Manville Corporation, from whom Bexar Insulation buys insulation, verified that the lot numbers found on the insulation in appellant's possession matched the lot numbers on insulation previously shipped to Bexar Insulation. Appellant alleges Dawson's testimony as to owning the recovered property was inadmissible hearsay which, in reasonable probability, contributed to his conviction.

■ The testimony of Dawson's conversation with Manville personnel was hearsay and would ordinarily be inadmissible. However, any error was waived by appellant.

On cross-examination of Detective Art Trevino, appellant established Dawson told Trevino that one individual (or business) gets "that particular lot number and that's it." He testified in response to defense questions:

Joe Dawson told me that when I made contact with him by phone, that he had gotten a phone call from McPherson, Kansas, and said this particular lot number had been shipped to him only. No one else should have these lot numbers. That's what Joe Dawson told me. That's the ones we saw in the front yard [at appellant's house] that morning, the ones he recorded [lot numbers] while I was talking to his wife.

When queried whether Dawson told him when he received shipment of this particular lot number, Trevino replied:

... he did tell me ... he had received that shipment I think it was October the 23rd of that same year. Now he didn't say how many truck loads or how many batts or anything. He just said that particular lot number came in that shipment.

Dawson subsequently testified on direct examination that the insulation material was brought to the warehouse after being picked up at appellant's house. There a comparison with company records was made. The lot numbers were checked off as the material was unloaded, and the num-

bers corresponded to items purchased by his company. He testified he had never given permission for the insulation to be removed from the warehouse or for the appellant to offer it for sale. He stated the insulation was part of what he had reported missing.

On cross-examination of Dawson, he was asked whether just by looking at the bags at appellant's house, he could tell where they came from.

A. I had to call here [office] and check the lot numbers.

 When defense objected to the answer as based on hearsay, the court overruled the objection and reminded the defense, "You asked the question." If there was error, it was waived by appellant's introduction of the same evidence. Admission of any hearsay testimony, under these circumstances, would render the error harmless.

In addition to the noted cross-examinations, appellant introduced an order form and invoice reflecting a shipment of insulation with the same disputed lot number from Manville to Bexar Insulation dated October 17, 1983. Also, defense counsel's secretary testified that she telephoned Manville personnel and confirmed that insulation materials under the same lot number were shipped to Dawson's company in October, 1983. It is unlikely the jury would have found the evidence less persuasive had the complained-of testimony been excluded. We overrule the second ground of error.

Without citation of authorities appellant argues in the third ground of error that the evidence is insufficient to support the conviction. We note there was evidence that appellant had admitted stealing insulation from the same company while an employee in 1982. The jury was charged that they could consider the extraneous offense in connection with proof of intent. *See* § 31.03(c)(1), *supra.* Although there was evidence by appellant that other companies obtained insulation from Manville, there was testimony from Dawson that only Bexar Insulation obtained this particu-

lar kind of insulation, Rich-R blowing wool, at that time from Manville. This kind of insulation was recovered at appellant's house. Viewing the evidence in the light most favorable to the jury's verdict, we hold a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983). The third ground of error is overruled.

The judgment is affirmed.