IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-010-CR





BARRY SHELNUTT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,



NO. 339,053, HONORABLE STEVE RUSSELL, JUDGE 



 




 Appellant was convicted in a bench trial of assault with bodily injury. The court
assessed appellant's punishment at confinement in the county jail for one year and a fine of two
thousand dollars. The imposition of the sentence was suspended and the appellant was placed on
probation subject to certain conditions for a term of two years.

 In a sole point of error, appellant complains that the "trial court erred in admitting
into evidence verbal statements made by the appellant." It appears from the argument set forth
in appellant's brief that he limits his contention to the on-the-scene conversation with the police
officer who responded to a call concerning a disturbance. Appellant urges that his verbal
statements to the officer resulted from a "custodial interrogation" and were inadmissible over his
timely objection. See Miranda v. Arizona, 384 U.S. 436 (1966); Tex. Code Crim. Proc. Ann.
art. 38.22 (1979 and Supp. 1992).

 Austin Police Officer Timothy Smith testified that on the night of April 27, 1990,
he responded to a disturbance call. First, he went to the home of Walter Driver, the complaining
witness. He observed that Driver appeared to have a broken nose which had been bleeding. 
Officer Smith interviewed Driver and got the information he needed for his report. He then went
next door where he observed appellant standing in his driveway. Officer Smith had a conversation
with the appellant on the sidewalk by the street. He related that he got from the appellant the
information he needed for his report. When he informed appellant that Driver intended to file a
complaint, he reported that appellant responded, "That's no big deal."

 At this point, appellant's counsel conducted a voir dire examination of Officer
Smith. It was established that Driver had reported to Officer Smith that appellant, a next door
neighbor, had assaulted him; that Driver intended to file a complaint, and that Officer Smith's
purpose in going next door was to question the appellant about his participation in the offense and
"to make my probable cause and for my report." The voir dire examination of Officer Smith then
reflects:


 Q: Excuse me. Probable cause to do what?


 A: For the investigator, probable cause as to what led up to this incident.


 Q: So you were -- your purpose was to obtain information from Mr. Shelnutt
[appellant] to assist the investigator in preparing this case?


 A: That is what I do; yes, sir.


 Q: Okay. Prior to asking Mr. Shelnutt these questions, or interrogating him,
did you advise him of his rights?


 A: I did not interrogate him. I asked him simple questions; his name, address,
phone number.


 Q: Before you asked him questions?


 A: No, I did not.


 Mr. Palmer [defense counsel]: Your Honor, I am going to object to any

 statements made by Mr. Shelnutt to this officer. Mr. Shelnutt was
clearly -- this was clearly an interrogation situation. Mr. Shelnutt was
the target of an ongoing criminal investigation and the officer testified
the purpose of the interrogatories -- asking of questions -- the purpose
of it was to provide information to the police in assist them in
prosecuting. It is inadmissible and I object to it.



 The trial court overruled the objection. The direct examination of Officer Smith
continued without further objection. Officer Smith related that, in addition to the basic
identification questions, he asked appellant what had "led up to the incident." Appellant replied
that he was upset about a planter box being thrown over into his yard; that he had hit Driver in
the nose; and that "it was only $37.50 for an assault and that he would be right back out of jail. 
It was no problem, that he would do it again."

 On re-direct examination, Officer Smith testified that appellant told him: "Yes, I
hit him and I would not mind doing it again." Officer Smith related that in his opinion appellant
was intoxicated and their conversation was "getting out of hand." Officer Smith then advised
appellant's wife that if appellant did not want to end up in jail for public intoxication she should
take him inside the house. Appellant's wife complied with the request. Appellant was not
arrested on the instant assault charge until May 8, 1990.

 Conceding there was no formal arrest, appellant urges that the statements made to
Officer Smith resulted from custodial interrogation prior to which no warnings had been given. 
Appellant argues that the statements were inadmissible and the trial court erred in permitting their
introduction into evidence.

 The requirements of Miranda and article 38.22 apply only to statements made as
the result of custodial interrogation. (1) Holland v. State, 777 S.W.2d 56, 58 (Tex. App. 1989),
aff'd 802 S.W.2d 696 (Tex. Crim. App. 1991). A non-custodial, voluntary, oral statement is
admissible at trial. Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (1979); Gauldin v. State, 683
S.W.2d 411, 413 (Tex. Crim. App. 1984); Sewell v. State, 79 S.W.2d 376, 379 (Tex. App. 1990,
no pet.). Any statement given freely and voluntarily without any compelling influences is, of
course, admissible into evidence. Miranda, 384 U.S. at 478; see also Shiflet v. State, 732 S.W.2d
622, 623 (Tex. Crim. App. 1985). Further, questioning merely to establish identification
constitutes a minimal intrusion and is not "custodial." Decloutte v. State, 699 S.W.2d 341, 344
(Tex. App. 1985, pet. ref'd) citing Florida v. Royer, 460 U.S. 191 (1983). Miranda does not
apply during the brief stopping of a suspect for investigation as authorized under Terry v. Ohio,
392 U.S. 1 (1968). Decloutte, 699 S.W.2d at 344; 1 Wayne La Fave & Jerald Israel, Criminal
Procedure § 6.6(e) at 497 (1984) (hereinafter La Fave). And, there is no requirement that officers
give Miranda warnings prior to questioning citizens during a justified investigative stop or during
questioning that does not amount to detention. Garcia v. State, 704 S.W.2d 512, 517 (Tex. App.
1986, pet. ref'd); see also Wicker v. State, 740 S.W.2d 779, 786 (Tex. Crim. App. 1987), cert.
denied, 485 U.S. 938 (1988).

 The Supreme Court declared that:


 General on-the-scene questioning as to facts surrounding a crime or other general
questioning of citizens [not under restraint] in the fact-finding process is not
affected by our holding. . . . In such situations the compelling atmosphere
inherent in the process of in-custody interrogation is not necessarily present.



Miranda, 484 U.S. at 477-78; see also Stewart v. State, 587 S.W.2d 148, 151-52 (Tex. Crim.
App. 1979). (2)

 The Supreme Court has cautioned that a non-custodial situation is not converted
into one in which Miranda applies in absence of a formal arrest or restraint on freedom of
movement merely because an appellate court concludes the questioning occurred in a "coercive
environment." Oregon v. Mathiason, 429 U.S. 492, 495 (1977); Wicker, 740 S.W.2d at 785,
787. Moreover, the "focus" of an investigation upon an individual, at least alone, is not
necessarily equivalent to custody. Beckwith v. United States, 425 U.S. 341 (1976); Wicker, 740
S.W.2d at 785.

 We are aware of the four factors to be examined to ascertain whether a person is
"in custody" so as to invoke the protection of Miranda and article 38.22. (3) Wicker, 740 S.W.2d
at 786; Meek v. State, 790 S.W.2d 618, 621 (Tex. Crim. App. 1990). These factors, however,
have been subject to criticism. See 1 La Fave, § 6.6(c) at 491-94. Keeping these factors in mind,
however, we conclude that, under the circumstances, appellant was not in custody at the time of
his statements to Officer Smith. Cf. Mathiason, 429 U.S. at 492. In Mathiason, the issue was
whether the defendant was in custody when he made an incriminating confession without having
first been warned of his Miranda rights. Even though the defendant was a parolee and the
interview took place in a policeman's office behind closed doors at the invitation of the policeman,
the Supreme Court held that the defendant had not been in custody because he came to the police
officer voluntarily and was allowed to leave, having been told that his case would be referred to
the prosecutor for evaluation. Id. at 495; see also Meek, 790 S.W.2d at 621; Brown v. State, 475
S.W.2d 938, 951 (Tex. Crim. App. 1971). We conclude that no custodial interrogation occurred
in the instant case.

 Even if it can be argued otherwise, we observe that the appellant took the witness
stand and testified to the same incriminating statements made to Officer Smith and then some. 
His testimony was a judicial confession. Appellant also offered his wife as a witness. She
testified that appellant told her he hit Driver. Any error in the admission of evidence is waived
by the defendant's introduction of the same evidence. Campos v. State, 709 S.W.2d 300, 303
(Tex. App. 1986, no pet.); see also Rogers v. State, 774 S.W.2d 247, 263 (Tex. Crim. App.),
cert.denied, 493 U.S. 984 (1989); Tribble v. State, 792 S.W.2d 280 (Tex. App. 1990, no pet.). 
The instant case does not involve a situation where the defendant takes the witness stand only to
meet, explain, and destroy the testimony previously objected to by the defendant. See Thomas
v. State, 572 S.W.2d 507, 513 (Tex. Crim. App. 1978). If there was error in the admission of
the complained of testimony, appellant waived it. See Baity v. State, 455 S.W.2d 305, 309 (Tex.
Crim. App. 1970). The admission of the evidence did not affect a substantial right of the
appellant. Tex. R. Crim. Evid. Ann. 103(a)(1) (Pamph. 1992). The sole point of error is
overruled.

 The judgment is affirmed.


 John F. Onion, Jr., Justice


[Before Justices Powers, Kidd and Onion*]

Affirmed

Filed: May 13, 1992

[Do Not Publish]































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   "Custodial interrogation" means questioning initiated by law enforcement officers after a
person has been taken into custody or otherwise deprived of his freedom of action in any
significant way, Miranda, 384 U.S. at 444, and includes not only express questioning but also
words or actions on part of the police. Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980); see
also Cannon v. State, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1110
(1986).
2.   The view that on-the-scene and at-home questioning is noncustodial is strengthened when
the suspect's family members or friends are present at the time. See United States v. Gregory,
891 F.2d 732, 735 (9th Cir. 1989); United States v. Hall, 421 F.2d 540, 542 (2nd Cir. 1969),
cert. denied, 397 U.S. 990 (1970).
3.   These factors as relevant to the inquiry are probable cause to arrest, subjective intent of
police, focus of the investigation, and subjective belief of defendant. Meek, 790 S.W.2d at 621;
Wicker, 740 S.W.2d at 786.