Karen Ann TRIBBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00799–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 28, 1990.

Rehearing Denied July 13, 1990.

Robert Turner, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Carol Cameron and Kelly Siegler, Asst. Harris Co. Dist. Attys., for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

The trial court found appellant guilty of possession of a controlled substance, namely, cocaine. The court assessed punishment at two years probation.

In two points of error, appellant asserts the trial court erred in denying her motion to suppress evidence. We affirm.

On August 19, 1988, Tammy Bailey was working as a flight attendant for Continental Airlines on a flight from Detroit to

Houston. During the flight, Ms. Bailey encountered appellant with her young child in the aisle as Ms. Bailey was pushing a beverage cart. Appellant apparently thought Ms. Bailey struck or pushed appellant's daughter, and a confrontation took place. When Ms. Bailey went into the galley to get more wine, appellant pushed her from the back, thrusting her forward. Ms. Bailey explained to appellant that it is unlawful to interfere with a crew member. Appellant responded by cursing and threatening Ms. Bailey. Ms. Bailey obtained statements from eight or nine passengers who witnessed the incident. Ms. Bailey went to the cockpit, reported the incident to Captain Pistoli, and remained in the cockpit during the remainder of the flight. Prior to landing at Houston Intercontinental Airport, Captain Pistoli called security and requested an investigation.

Officer Craig Ritter of the Houston Airport Police Department, along with Officer M.J. Bryant, responded to the dispatch call. Upon the flight's arrival at the airport, both Captain Pistoli and Ms. Bailey explained the incident to the officers. Ms. Bailey identified appellant to the officers as appellant stepped off the airplane. Officer Ritter then told appellant she was under arrest for interfering with a flight crew.

Officer Ritter and Officer Lynn Robideaux, also of the Houston Airport Police Department, escorted appellant to the First Aid Room, while Officer Bryant proceeded to investigate and speak with other witnesses. Officer Ritter read appellant the Miranda warnings, and asked Officer Robideaux to search appellant's purse. As Officer Robideaux started to remove a black plastic container from the purse, appellant stated, "Oh no, I am in trouble now." Officer Robideaux asked appellant what the item was, and appellant said it was a "derring" used to crush rock cocaine. Appellant said she had used it at a party the night before and had forgotten that it was in her purse. Officer Robideaux opened the container and observed a white film inside that she assumed was cocaine. Robideaux looked back in the purse and saw a small pink straw with white powdery residue inside.

Appellant's motion to suppress stated in part:

Defendant prays this Court will suppress any and all evidence seized or obtained as a result of acts by law enforcement officers, their agents, or other persons, which violated rights guaranteed the Defendant by the Federal and State Constitutions and laws. In support the Defendant would show:

. . . .

The search was not pursuant to a valid inventory search, was the product of an illegal detention, was absent exigent circumstances, and was made without probable cause to believe the Defendant was engaged in criminal activity.

. . . .

The seizure of the evidence was illegal in that it was made without the Defendant's effective consent. Rather, any "consent" was the fruit of an unlawful detention.

The State first argues that appellant failed to preserve error for review (1) by failing to identify for the trial court which specific evidence should be suppressed, and (2) by raising objections on appeal which do not comport with appellant's objections at trial.

In *Eisenhauer v. State*, 754 S.W.2d 159, 160–61 (Tex.Crim.App.), *cert. denied*, 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988) the court stated:

Though it has long been the rule that a general or imprecise specific objection is insufficient to preserve error for appeal, where the grounds of the objection are obvious to the court or the opposing counsel, the error will not be waived ... We find this latter exception to be controlling in the case at bar. The clear thrust of appellant's challenge was directed toward the propriety of the warrantless arrest and subsequent search.

We hold that appellant's motion to suppress was specific enough, and consistent enough with the argument made on appeal, to preserve error.

The State next argues that appellant failed to preserve error because the same

evidence was introduced during the guilt/innocence phase without appellant's objection. The State cites the following exchange:

[Prosecutor]: Your Honor, we would reoffer all the evidence that was adduced in the Motion to Suppress Evidence.

[Defense Counsel]: I have a copy that I have purchased for the Court. I would like to go ahead and just hand it to the Clerk so she might include that in the file at this time.

The Court: It will be included.

The State argues that, because appellant did not object to the State's offer of the testimony from the motion to suppress hearing, appellant waived error on appeal.

■■■ Introduction of testimony by the defendant at trial waives any complaint on appeal regarding its admissibility. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim. App.), *cert. denied*, — U.S. —, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989); *Rodriguez v. State*, 775 S.W.2d 27, 31 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (where proceedings on a motion to suppress were adopted at trial in their entirety by consent of all parties, the defendant waived the argument on appeal that his oral confession contained in the testimony was not admissible). However, in the case at bar, appellant made clear to the trial court and opposing counsel that his stipulation regarding the evidence was made subject to his motion to suppress. Immediately preceding the portion of the record cited by the State, the following transpired:

[Prosecutor]: Your Honor, at this time the State would offer into evidence what has previously been marked as State's Exhibit Number 1. I'll tender it to Mr. Turner for his inspection.

The Court: [Defense counsel], do you waive the formal arraignment?

[Defense Counsel]: We would waive formal reading of the indictment. The Defendant would enter a plea of not guilty, and *we have no objection to the stipulation of evidence, except that we would like to make the record clear that the stipulation is made, subject to the prior Motion to Suppress that has been previ-*

*ously heard by this Court, and that we object, of course, to the admissibility of both the testimony and the controlled substance, cocaine, itself,* but we would stipulate and join in the stipulation of evidence: if the State's witnesses were, in fact, here today that they would testify to what we have agreed to in the stipulation, *but the stipulation is made, subject to our Motion to Suppress Evidence.*

. . . .

The Court: That will be granted. So stipulated. Anything further, [Prosecutor]?

(Emphasis added.) Defense counsel's above statements preserved error for review.

In her first point of error, appellant contends the trial court erred in denying appellant's motion to suppress the search of appellant's purse because appellant's warrantless arrest was unlawful under the Texas Code of Criminal Procedure.

■ The standard of review governing a trial court's ruling on a motion to suppress is whether the court clearly abused its discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). The trial judge is the sole fact finder at a hearing on a motion to suppress and, as such, the judge may believe or disbelieve all or any part of any witness' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980). Because the trial court is the sole trier of fact at a hearing on a motion to suppress, any finding supported by the record will not be disturbed. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App. [Panel Op.] 1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

The Texas Code of Criminal Procedure provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

Tex.Code Crim.P.Ann. art. 14.04 (Vernon 1977).

■ Appellant first argues that the peace officer did not have satisfactory proof from a credible person. Satisfactory proof is the legal equivalent of constitutional probable cause. *Brooks v. State*, 707 S.W.2d 703, 705 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). In determining whether an officer has probable cause for an arrest, Texas courts apply the "totality of the circumstances" analysis. This standard applies to warrantless searches and seizures, as well as to searches pursuant to a warrant. *Eisenhauer*, 754 S.W.2d at 164. The test for probable cause for an arrest without a warrant is whether, at that moment, the facts and circumstances within the officer's knowledge, and of which the officer had reasonably trustworthy information, were sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense. *Lunde v. State*, 736 S.W.2d 665, 667–68 (Tex.Crim.App.1987); *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim.App.1978) (op. on reh'g), *cert. denied*, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). The officer may consider information that is furnished by a private citizen, worthy of belief, whose information is reliable. *Brooks*, 707 S.W.2d at 705. Where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. *Esco v. State*, 668 S.W.2d 358, 360–61 (Tex.Crim.App. [Panel Op.] 1982) (radioed police broadcasts and teletypes, based on reports of eyewitnesses, reporting a felony and a description of the suspect and vehicle, are sufficient to satisfy the requirement of probable cause and of article 14.04).

■ In the present case, Captain Pistoli, prior to landing the airplane, requested that security meet the plane due to the interference with the flight crew by a passenger. Captain Pistoli and Ms. Bailey, who was wearing her flight attendant uniform, explained the incident to the officers. Ms. Bailey positively identified appellant as appellant exited the airplane. We find that the totality of the above circumstances constituted sufficient probable cause for Officer Ritter to arrest appellant for the felony offense of interference with flight crew members, a violation of 49 U.S.C.A.App. § 1472(j) (West 1976).

■ Appellant next argues that there was no evidence appellant was about to escape. The relevant question under article 14.04 is whether the information available to the arresting officers would justify the belief that appellant would take flight if not placed in custody, so that there is no time to procure a warrant. *West v. State*, 720 S.W.2d 511, 517 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878 (1987).

■ Ms. Bailey had explained to appellant the law against interfering with a flight crew; thus appellant knew she was under suspicion for this offense before leaving the airplane. When appellant was met by police officers upon deboarding the plane, she was on notice that a complaint had been made against her to law enforcement officials. Once inside the airport, appellant could have left the airport or taken a connecting flight to almost anywhere in the world. Officer Ritter testified that he did not have time to obtain an arrest warrant for appellant, and had appellant not been detained at that time, he believed she would have left the airport and escaped or continued on her journey.

We find that the evidence supports the conclusion that the information available to Officer Ritter justified the belief that appellant would escape if not placed in custody. *See Dejarnette v. State*, 732 S.W.2d 346, 352–53 (Tex.Crim.App.1987) (where defendant, who fit the description of the offender given to police by an eyewitness, was found on a public street near the scene of the crime shortly after stabbing, and defendant was put on notice of police pursuit when police approached him shortly after the crime, there was satisfactory proof that defendant was about to escape so that procurement of warrant was impractical).

We hold that the arrest was lawful, and therefore the incidental search of appellant's purse was lawful. A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or of objects immediately associated with the person of the arrestee. *Jones v. State,* 640 S.W.2d 918, 921 (Tex.Crim.App. [Panel Op.] 1982) (search of briefcase appellant was holding when arrested is valid as incident to arrest).

We overrule point of error one.

In light of our conclusion that appellant was lawfully arrested, and the search was proper incident to the arrest, it is unnecessary for us to discuss point of error two which questions the propriety of a search incident to a mere investigatory detention.

We affirm the judgment.