Robert Dale **JOHNSON, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 01–91–00418–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.

Rehearing Denied July 16, 1992.

J. Gary Trichter, Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., and Mark Rubal, Houston, for appellee.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Robert Dale Johnson, was charged by information with the offense of driving while intoxicated. After his motion to suppress evidence was denied, the appellant entered a plea of no contest. Pursuant to an agreement, the trial court assessed punishment at 180–days confinement, probated for two years, and a fine of $350. We affirm.

The appellant brings six points of error, arguing the trial court erred in overruling his motion to suppress evidence. The appellant contends the State failed to show the existence of probable cause for the appellant's initial stop and detention.

When a defendant seeks to suppress evidence because of an illegal arrest that violates the federal or state constitutions, the defendant has the initial burden to produce evidence that defeats the presumption of proper police conduct. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Epson v. State,* 743 S.W.2d 311, 312 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *Jamail v. State,* 731 S.W.2d 708, 710 (Tex. App.—Houston [1st Dist.] 1987), *aff'd,* 787 S.W.2d 380 (Tex.Crim.App.1990). A defendant meets his initial burden by proving that the police seized him without a warrant. *Russell,* 717 S.W.2d at 9.

Once a defendant proves that the police seized him without a warrant, the burden of proof then shifts to the State. *Russell,* 717 S.W.2d at 9. If the State proves that the seizure was pursuant to a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10. If the State is unable to prove that the seizure was pursuant to a warrant, the State must prove the reasonableness of the seizure. *Id.*

The standard of review governing a trial court's ruling on a motion to suppress is whether the court clearly abused its discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985); *Tribble v. State,* 792 S.W.2d 280, 283 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Because the trial court is the sole trier of fact at a hearing

on a motion to suppress, any finding supported by the record will not be disturbed. *Tribble,* 792 S.W.2d at 283.

At the hearing on the appellant's motion to suppress, the appellant called two Harris County Sheriff's Department deputies as witnesses. Deputy Paul McGinty, who conducted a videotaped interview, and Deputy Tommy Herndon, who administered an intoxilyzer test, were both questioned at length about the procedures they conducted.

McGinty was also asked about his understanding of the arresting officers' reason for the appellant's arrest. According to McGinty, two deputies stopped the appellant after they "concluded" that the appellant failed to drive in a single marked lane and drove at a speed of 55 miles per hour, where the speed limit was 35 miles per hour. The two deputies then "concluded" the appellant was intoxicated.[1]

McGinty further testified he was not aware of any other charges pending against the appellant and that before interviewing the appellant, he had neither heard of him, nor saw him. McGinty also noted that to the best of his knowledge, the arresting officers had never seen or heard of the appellant before his arrest. The arresting officers were not called as witnesses by either party.

At the close of the hearing the following colloquy took place:

The Court: All right, both sides close?

Defense: Both sides are closed—well, Defense is closed.

Prosecutor: The State closes, your Honor.

The Court: All right, are you ready to proceed to arguments at this juncture?

Defense: I am, Your Honor, with this priviso:

I hate—I have been burned in other courts when I argue that there's been something lacking that the other side hasn't put in, and they ask to reopen. So I'm content to sit on what the motions say and the law as cited in the motions unless the court says the evidence is closed and it's really closed.

I would like to argue.

Prosecutor: Your honor,—

The Court:—Of course, you have the right to waive your opening and close.

Defense: I understand what you're saying.

The Court: Okay, go ahead.

Prosecutor: Your Honor, prior to argument, then, I guess the State is going to request that we reopen and call another witness. I believe—

Defense: —And that's what I object to, Your Honor.

The Court: What other witness did you want to call?

Prosecutor: Well, Your Honor, I'm not sure—this may be shooting in the dark, but I believe [Defense] has—or will refer to the fact that there was a warrantless arrest, no probable cause to make the arrest.

If that is what is [sic] argument is, then I don't believe that he put on sufficient evidence to raise that argument, then I would like an opportunity, since I have my arresting officer here, to prove that there was probable cause to make the arrest.

The Court: My understanding is he brought it right out, he was weaving at fifty-five miles and hour in a thirty-five mile an hour speed zone, as I recall. Of course, that was—he was not the arresting officer.[2]

---

1. In argument, the appellant contends the use of the word "concluded" is significant in determining whether probable cause existed. The appellant argues mere conclusions alone are not enough to establish probable cause. The State urges this Court to note, however, that the word was used in the defense counsel's leading questions, not in McGinty's answers.

2. With the exception of the sections prohibiting speeding and consumption of an alcoholic beverage while operating a motor vehicle, any person found committing a violation of any provision of the Uniform Act Regulating Traffic on Highways may be placed under custodial arrest without warrant. Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 148, 107E (Vernon Supp.1992) & § 153 (Vernon 1977). Here, the officer testified the appellant failed to drive in a single marked lane. *See* Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60(a) (Vernon 1977).

Initially, the trial court decided to allow the State to reopen. After hearing further argument against reopening, the trial court decide to postpone his final decision until after a short recess. After recess, the trial court denied the State's request to reopen and proceeded to final argument.

Here, the appellant argues he has met his initial burden of proof and defeated the presumption of proper police conduct for two reasons. First, the appellant contends the testimony concerning that there was no other charges pending, and that none of the officers involved knew of the appellant before his arrest, demonstrates, albeit circumstantially, he was arrested without a warrant. Second, the appellant asserts the State admitted there was a warrantless arrest when the prosecutor requested to reopen.

The State argues that regardless of whether any of the officers had heard of the appellant or that McGinty was not personally aware of any other charges, does not demonstrate the absence of a warrant. The State contends it would be impossible for an officer to know of every outstanding warrant.[3] In addition, the State argues its request to reopen was intended only as an alternative, not as an admission of fact.

■ We find the record does not resolve the question of whether the police arrested the appellant with a warrant. Because the appellant did not produce evidence that he was arrested without a warrant, the burden never shifted to the State. *Jamail,* 731 S.W.2d at 711. Thus, the trial court properly overruled the appellant's motion to suppress.

In the alternative, the appellant argues that this Court should not follow the burden of proof allocation as set forth in *Russell.* Relying on the recent decision in *Heitman v. State,* 815 S.W.2d 681 (Tex. Crim.App.1991), the appellant contends that *Russell* should be reconsidered.

In *Heitman,* the Court of Criminal Appeals held that when they are analyzing and interpreting the search and seizure

provision of the Texas Constitution, they will not be bound by U.S. Supreme Court decisions addressing the comparable rights under the fourth amendment. *Heitman,* 815 S.W.2d at 690 (the framers of the 1845 Texas Constitution did not intend that it be interpreted in lock-step with the federal constitution). A court can therefore interpret its state constitution as providing additional rights to its citizens. *Id.*

The appellant argues that in light of this proposition, this Court should reconsider the procedure set forth in *Russell,* which requires that in a search and seizure case, the defendant must first produce evidence that defeats the presumption of proper police conduct. *Russell,* 717 S.W.2d at 9.

*Heitman,* however, does not mention *Russell,* nor does it implicitly affect the rule set out in *Russell. Heitman* does not go as far as saying that any particular question raised under TEX. CONST. art. I, sec. 9 must be decided more favorably to the defendant than would be the case under the fourth amendment. Nor does it establish a specific rule of divergence from fourth amendment case law.

As an intermediate court, we are reluctant to reject an opinion of the Court of Criminal Appeals by weighing it against a later opinion of the same court that does not deal with the same issue. *Russell* remains the law in this state until it is expressly overruled. This Court will continue to follow the burden of proof allocations as set forth in *Russell.*

We overrule the appellant's six points of error.

---

**3.** The question, however, is not whether there were outstanding warrants, but whether the appellant was arrested pursuant to a warrant. *Russell,* 717 S.W.2d at 9.