Cheryl Ann **HIGHWARDEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–92–00469–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1993.

Discretionary Review Granted
April 7, 1993.

**480**

Brian W. Wice, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

1. The citations of cases relied upon in *Russell*

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant was charged by information with the offense of driving while intoxicated. After the trial court overruled her motion to suppress evidence, the appellant entered a plea of nolo contendere. The trial court assessed punishment at 180 days confinement, probated for two years, and a $400 fine. The appellant raises five points of error arguing the trial court erred by overruling her motion to suppress. We affirm.

█ The appellant alleges the evidence was insufficient to support the trial court's findings of reasonable suspicion to detain, and probable cause to arrest. The burden of proof in suppression hearings is set out in *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim.App.1986).[1] The *Russell* opinion states that a movant in a motion to suppress alleging lack of probable cause must initially produce evidence that a warrantless arrest or seizure occurred. *Id.* By doing so, the burden shifts to the State to show that a warrant existed. *Id.* If the State produces evidence that a warrant existed, then the burden shifts back to the defendant to show the invalidity of the arrest or seizure. *Id.* If the State cannot prove that a warrant existed, it must prove the reasonableness of the arrest or seizure. *Id.* at 10.

█ The appellant argues that requiring the defendant to produce evidence showing that a warrantless arrest occurred places an unconstitutional burden on the defendant. She argues that the presumption of proper police conduct, implicit in placing the initial burden on the defendant, ignores the government's burden of proving a knowing and voluntary waiver of the defendant's constitutional rights under TEX. CONST. art. I, § 9 and U.S. CONST. amend. IV. The appellant suggests that *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App. 1991) provides this court with an opportunity to re-allocate the burden of proof in suppression hearings. The *Heitman* deci-

are omitted.

sion states that Texas courts are no longer bound by interpretations of the United States Constitution when interpreting TEX. CONST. art. I, § 9. *Heitman* at 690. While the decisions of the United States Supreme Court represent the minimum protections states must afford their citizens, states are free to provide additional protections. *Id.* In addressing the same argument, the First Court of Appeals stated:

> As an intermediate court, we are reluctant to reject an opinion of the Court of Criminal Appeals by weighing it against a later opinion of the same court that does not deal with the same issue. *Russell* remains the law in this state until it is expressly overruled.

*Johnson v. State*, 834 S.W.2d 121, 124 (Tex. App.—Houston [1st Dist.] 1992, pet. pending). We agree with this reasoning and refuse to depart from *Russell*.

■ We therefore consider whether the trial court properly denied the motion to suppress under *Russell v. State*. The standard of review is whether the trial court clearly abused its discretion by denying the motion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). The appellant had the initial burden of producing evidence that she was arrested without a warrant. The appellant attempted to meet this burden by circumstantial evidence. She called Officer Mory, the arresting officer, and Officer Treat, the officer who conducted the intoxilyzer test, as witnesses. The appellant's trial counsel never asked either officer if the appellant was arrested pursuant to a warrant. He asked both officers if they had ever met the appellant, heard or been told anything about the appellant, or read anything about the appellant before the arrest. The officers answered no to each of these questions. In response to other questions by the appellant's attorney, Officer Mory agreed he initially stopped the appellant for speeding. He clocked her with his radar gun as traveling fifty-eight miles per hour in a thirty-five miles per hour zone. After detaining the appellant,

he asked her some questions and she told him she had had a few drinks. Officer Mory then conducted field sobriety tests. The appellant failed these tests, so he arrested her for driving while intoxicated. In response to questions by the prosecutor during cross-examination, Officer Mory testified that he formed the opinion the appellant was intoxicated when she failed the field tests. Based on this opinion, he arrested her.

We find that the appellant never established that she was arrested without a warrant.[2] The appellant could have met this minimal burden by simply asking the officers if they had a warrant for the arrest. Since the appellant did not meet the initial burden, the State never had a burden to prove probable cause. *Russell v. State*, 717 S.W.2d at 9; *Johnson v. State* 834 S.W.2d at 124; *Jamail v. State*, 731 S.W.2d 708, 710 (Tex.App.—Houston [1st Dist.] 1987), *aff'd*, 787 S.W.2d 380 (Tex.Crim.App. 1990).

Even if the burden did shift to the State, we find the evidence was sufficient to support the trial court's findings of reasonable suspicion and probable cause. The appellant argues that the mere conclusion that the appellant was speeding was insufficient to establish reasonable suspicion for the initial detention. Similarly, she argues that the mere conclusion that she failed unspecified field sobriety tests is insufficient to support the trial court's finding of probable cause for the arrest. To support these arguments, the appellant cites us to numerous cases holding that mere conclusions, unsupported by articulable facts, are insufficient to prove probable cause. *See United States v. Leon*, 468 U.S. 897, 915, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984); *Gordon v. State*, 801 S.W.2d 899, 913 (Tex. Crim.App.1990); *Rumsey v. State*, 675 S.W.2d 517, 519 (Tex.Crim.App.1984); *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim.App.1982).

---

**2.** We recognize that the prosecutor stated during argument that the State had proved "this was a lawful, warrantless arrest." Her statement implies that the burden shifted to the State

to prove probable cause. The trial court also impliedly found the initial burden was met by finding that probable cause existed.

 Each of these cases stands for the proposition that mere suspicion, inarticulable hunches, and good faith are insufficient to support a finding of probable cause. This fundamental tenet cannot be questioned. However, an important distinction between those cases and the present case must be considered. Each of those cases involve arrests conducted pursuant to warrants. The reviewing courts held that the mere conclusions *contained in affidavits* were insufficient to support a finding of probable cause for *issuance of a warrant.* A different situation is presented when a court is called upon to determine whether probable cause existed for a warrantless arrest. In determining whether probable cause existed to support the issuance of a warrant, the reviewing court is limited to the information contained within the four corners of the affidavit. *Tolentino* 638 S.W.2d at 501. If the affiant's suspicions or conclusions are not supported by articulable facts, the affidavit is insufficient to establish probable cause.

 In a warrantless arrest, affidavits are not prepared before the arrest. The factors supporting an officer's suspicions or conclusions are elicited through testimony at a formal hearing. In this case, Officer Mory testified that he determined the appellant was speeding by clocking her with his radar gun. We believe his determination that she was speeding is supported by the evidence. After detaining her, he testified, he conducted sobriety tests and determined she was intoxicated. The determination that she was intoxicated is supported by her failure of the sobriety tests.

We recognize that the standard for showing probable cause in a warrantless arrest is no less stringent than that required to be shown to a magistrate for the issuance of a warrant. *Barber v. State*, 611 S.W.2d 67, 68 (Tex.Crim.App. [Panel Op.] 1981). This same evidence may be insufficient to support a finding of probable cause for issuance of an arrest warrant. However, Officer Mory testified in court that he

clocked the appellant driving well over the speed limit, and that he conducted field sobriety tests which indicated to him that the appellant was intoxicated. Since no objection was raised to the conclusory nature of the statements, the lack of proper evidentiary foundation, or the witness's competency, the appellant cannot complain of these matters on appeal.[3] As the record stands there is some evidence to support the trial court's findings. We overrule the appellant's five points of error and affirm the conviction.

---

**3.** The prosecutor could easily have avoided the challenges to the sufficiency of the evidence by laying the appropriate foundations for her questions.