Alexander John WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00503–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 3, 1994.

Rehearing Overruled March 3, 1994.

Kimberly De La Garza, J. Gary Trichter, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was charged by information with the misdemeanor offense of driving while intoxicated. The trial court denied appellant's motion to suppress the results of his intoxilyzer test and a videotape of his motor skills exercises. Appellant then entered a plea of nolo contendere pursuant to a plea agreement. The trial court assessed punishment at 180 days in the Harris County Jail probated for two years, a $350.00 fine, 25 hours of community service, and one night of a victim impact panel. In four points of error, appellant contends the trial court erred by failing to suppress the evidence from an illegal stop and detention because the State lacked reasonable suspicion, and his consent was improperly coerced. We affirm.

In his first and second points of error, appellant asserts the trial court erred in overruling his motion to suppress because the State lacked reasonable suspicion for the initial stop and detention in violation of the Fourth Amendment to the U.S. Constitution and article 1, § 9 of the Texas Constitution; and, thus, the fruits of the illegal search should have been suppressed. The fruits include any observations by the officers of appellant's mental or physical faculties, the intoxilyzer result, and the videotape.

On November 10, 1991, Houston police officer Steve Vantubergen was on patrol when he stopped the appellant's vehicle in the 2200 block of Westerland Street, Harris County, Texas. The officer initially stopped the appellant because he concluded that appellant had run a red light at the intersection of Fondren and Westheimer, and he thought appellant was travelling 55 miles per hour in a 30 miles per hour zone. The officer then arrested appellant for DWI after detecting a strong odor of alcohol on appellant's breath and noticing that appellant's speech was slurred and his balance impaired.

After placing appellant in custody, Officer Vantubergen transported him to the Dairy–Ashford police substation. Upon arrival at the substation, Officer Vantubergen turned appellant over to Officer Ramirez, who performed the intoxilyzer test submitted to by appellant. Officer Sealy then took custody of appellant and escorted him to the videotaping room, where appellant submitted to multiple motor skills exercises.

■■■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State,* 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness' testimony, and the appellate court is not at liberty to disturb any finding supported by the record. *Rivera v. State,* 808 S.W.2d 80, 96 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991); *Rysiejko v. State,* 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Furthermore, unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of the evidence should not be reversed. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

■■■ When a defendant seeks to suppress evidence because of an illegal arrest that violates the federal or state constitutions, the defendant has the initial burden to produce evidence that defeats the presumption of proper police conduct. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Johnson v. State,* 834 S.W.2d 121, 122 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *Epson v. State,* 743 S.W.2d 311, 312 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *Jamail v. State,* 731 S.W.2d 708, 710 (Tex. App.—Houston [1st Dist.] 1987), *aff'd,* 787 S.W.2d 380 (Tex.Crim.App.), *cert. denied,* 498

U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 115 (1990). A defendant meets his initial burden by proving that the police seized him without a warrant. *Russell*, 717 S.W.2d at 9. Once a defendant proves that the police seized him without a warrant, the burden of proof then shifts to the State. *Id.* If the State proves that the seizure was pursuant to a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10. If the State is unable to prove that the seizure was pursuant to a warrant, the State must prove the reasonableness of the seizure. *Id.*

■ At the suppression hearing, appellant called two Houston police officers as witnesses. Officer Steve Vantubergen was the arresting officer, and Officer Ramirez conducted the intoxilyzer test. Appellant also presented the intoxilyzer receipt and the videotape of his motor skills exercises, which were admitted into evidence at the hearing. No witnesses testified for the State. Appellant did not produce any evidence establishing that a seizure occurred without a warrant. Thus, appellant failed to meet his initial burden of proof, and the burden of proof never shifted to the State.

On the contrary, appellant contends that he met his initial burden of proof and defeated the presumption of proper police conduct for two reasons. First, he asserts his burden of proof was met by Officer Vantubergen's testimony regarding his reasons for arresting appellant and his knowledge of appellant before his arrest. Appellant's counsel asked Officer Vantubergen the following questions regarding his reasons for arresting appellant:

Q. Now, when you arrested Mr. White, you arrested him for DWI and no other offense?

A. That's correct.

Q. Let me get one issue out of the way that deals with probable cause. Now, in terms of probable cause, two reasons that you stopped Mr. White and used your emergency equipment to pull him over—that is, your lights and sirens—is that you *concluded* that he ran a red light at the intersection of Fondren when he was westbound at Westheimer, and also because you thought that he was going 55 in a 30 mile an hour zone while westbound on Westheimer; is that correct?

A. That's correct.

Appellant contends the use of the word "concluded" is significant in determining whether probable cause existed. He argues that mere conclusions alone are not enough to show probable cause. We note that the word "concluded" was used in defense counsel's leading question, not in Officer Vantubergen's answer. An affirmative answer to a leading question, which alludes to what an officer "concluded," is not automatically created a presumption that probable cause is lacking. *See Johnson v. State*, 834 S.W.2d at 123. In any event, appellant's attempted semantical linking between what an officer "concluded" based on his observations, and a legal conclusion, seems strained and hypertechnical at best.

Officer Vantubergen testified that prior to appellant's arrest, he had never seen nor heard of appellant, had not read anything about him, and had not been told anything about him by anyone. He further testified that he did not know if appellant had any other existing charges or warrants. Appellant argues that this testimony circumstantially demonstrates that he was arrested without a warrant. We disagree.

This same argument was raised in *Johnson v. State*. In *Johnson*, the court concluded that the type of evidence offered by appellant in this case does not prove the absence of a warrant. *Id.* at 124. Thus, appellant failed to prove that he was arrested without a warrant, and the burden never shifted to the State. *Id.; see also Jamail v. State*, 731 S.W.2d at 711.

Secondly, appellant contends that he met his initial burden of proof by certain allegations contained in his written motion to suppress. However, a motion, sworn or otherwise, is not evidence. *Nelson v. State*, 629 S.W.2d 888, 890 (Tex.App.—Fort Worth 1982, no pet.). The record reveals that the motion was not offered into evidence nor was the court requested to take judicial notice of it. *See* TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(6) (Vernon 1989). The written motion to

suppress did not shift appellant's burden of proof. Because appellant did not produce evidence that he was arrested without a warrant, the burden never shifted to the State. *Johnson,* 834 S.W.2d at 124. Thus, the trial court properly overruled the appellant's motion to suppress. Accordingly, we overrule appellant's first and second points of error.

In his third and fourth points of error, appellant contends that the trial court erred in refusing to suppress the intoxilyzer result and the videotape because his consent was improperly coerced by the police. Appellant further argues that this failure to suppress violates federal due process, the Texas constitutional due course of law provisions, and Article 38.23 of the Code of Criminal Procedure.

One of the specifically established exceptions to the requirements of both a warrant or probable cause is consent. *Meeks v. State,* 692 S.W.2d 504, 509 (Tex.Crim.App. 1985). The prosecution must prove by clear and convincing evidence that the consent was freely and voluntarily given. *Id.* The burden requires the prosecution to show the consent given was positive and unequivocal, and there must not be duress or coercion, actual or implied. *Id.* However, the burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. *Id.; Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968). The question of whether consent was "voluntary" is a question of fact to be determined from the totality of all the circumstances. *Meeks,* 692 S.W.2d at 510.

At the suppression hearing, Officer Ramirez testified that he read the DWI statutory warnings to appellant. The defense counsel then asked the following questions:

DEFENSE COUNSEL: You had a conversation with [appellant] about consequences of taking the test and not taking the test; is that correct?

RAMIREZ: That is correct.

DEFENSE COUNSEL: You informed him at that time that if he took the test and passed it, he would be released; and if he refused to take the test, he would

be jailed, charged with DWI and lose his license for a year; is that correct?

RAMIREZ: *I did not.*

DEFENSE COUNSEL: All right. Would you tell the Court what you did tell him?

RAMIREZ: I advised him that by refusing to take such an exam, his license privileges would be suspended for a 90-day period as the form indicates. *There was also conversation that if everything turned out in his favor—not if he passed the test—if everything turned out in his favor, he would eventually be released.* I was still unclear if there were other charges relating to the case or if existing warrants appeared, and for that reason worded it as such.

Appellant argues that Officer Ramirez told him that if all went well for him on the *test,* he would eventually be released. The record reveals that Officer Ramirez told appellant he would be released if *everything* turned out in his favor. Appellant further argues that the implication that he otherwise would not be released was clearly coercive and was an incorrect statement of the law.

Whether a driver's consent to take a intoxilyzer test was voluntary is a question of fact for the fact-finder. *Turpin v. State,* 606 S.W.2d 907, 914 (Tex.Crim.App.1980). Appellant concedes that any person who operates a motor vehicle on a public highway is deemed to have consented to a blood or breath test for the presence of alcohol in his body. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 1 (Vernon Supp.1993). However, if a driver refuses to submit to a blood or breath test, physical force may not be used to compel submission. *Id.* § 2(a); *see also Forte v. State,* 759 S.W.2d 128, 138 (Tex.Crim.App. 1988), *overruled on other grounds, McCambridge v. State,* 778 S.W.2d 70 (Tex.Crim. App.1989). In a remote but parallel vein, appellant argues that his consent was induced or psychologically coerced by Officer Ramirez's misstatement of the possible consequences of a refusal, and therefore his consent was not voluntary. *See Hall v. State,* 649 S.W.2d 627, 628 (Tex.Crim.App. 1983). We disagree.

Here, Officer Ramirez testified that he informed appellant that if *everything* turned out in his favor, he eventually would be released. In addition to passing the intoxilyzer test, it would have to be determined that no warrants or other charges existed for appellant to be released. Appellant disputes this. But such a conflict of testimony merely raises a credibility question for the trial judge, and he chose to believe the officer. We cannot act as a super-surrogate trial court and review the credibility of the witnesses to our satisfaction. That is solely the trial judge's function. We therefore find that the trial court did not abuse its discretion by holding that appellant voluntarily consented to the intoxilyzer test and the videotape. We overrule appellant's third and fourth points of error.

The judgment of the trial court is affirmed.