Steven Ferris HOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–01191–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 2, 1997.

Rehearing Overruled Nov. 26, 1997.

---

5. *Id.*

6. *See Boudreaux Civic Ass'n v. Cox,* 882 S.W.2d 543, 551 (Tex.App.—Houston [1st Dist.] 1994, no writ).

W. Troy McKinney, J. Gary Trichter, Houston, for appellant.

Kimberly Stelter, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Steven Ferris Hogan appeals a misdemeanor driving while intoxicated (DWI) conviction. The trial court overruled appellant's motion to suppress evidence and appellant pleaded nolo contendere pursuant to a plea bargain. The trial court assessed appellant's punishment at 180 days in jail, probated for one year, and a $400.00 fine. In seven points of error, appellant contends the trial court erred (1) in failing to suppress evidence of appellant's arrest because the State failed to sustain its burden of demonstrating reasonable suspicion to detain and probable cause to arrest under the federal and state constitutions; (2) in failing to suppress a videotape; and (3) in denying his motion to quash the information for its failure to specify culpable mental state. We affirm.

In points of error one, two, three, and four, appellant contends the State failed to sustain its burden of demonstrating either reasonable suspicion to detain or probable cause to arrest in violation of the state and federal constitutions. He argues that he demonstrated his stop and arrest were without warrant and the burden of proof to establish reasonable suspicion for the initial stop and probable cause for his arrest shifted to the State.

The burden of proof in suppression hearings is set out in *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986). In *Russell,* the court of criminal appeals held that a movant in a motion to suppress alleging lack of probable cause must initially produce evidence that a warrantless arrest or seizure occurred. *Id.* By doing so, the burden shifts to the State to show that a warrant existed. *Id.* If the State produces evidence that a warrant existed, then the burden shifts back to the defendant to show the invalidity of the arrest or seizure. *Id.* If the State cannot prove that a warrant existed, it must prove the reasonableness of the arrest or seizure. *Id.* at 10.

Appellant contends he met his initial burden of proof and defeated the presumption of proper police conduct. Appellant argues that his initial stop and arrest were warrantless but fails to cite any evidence to support his contention. At the hearing on the motion to suppress, appellant asked the trial court to "judicially notice" the State's responses to appellant's motion for discovery and stated to the trial court, "[i]n particular, request number five which the State indicated there were no waivers of the defendant's rights. And number thirteen and fourteen which the State has indicated that there was a warrantless arrest in this case." The motion for discovery asked only that the State produce certain items for "inspection, copying or photographing." Numbers thirteen and fourteen requested:

13. Copies of all arrest and/or search warrants for either the Defendant and/or the vehicle he was operating at the time of his arrest which the State

used arresting the Defendant and/or searching his vehicle.

14. Production and copying of all search and arrest warrants which were used by the government to either arrest and/or search a location where evidence was found relevant to this case.

In the left margin, opposite each request, were the words "GRANTED/DENIED/AGREED." "AGREED" was encircled for both requests numbered thirteen and fourteen with "none known" written beneath the printed answers by some unknown person. The order signed by the trial judge ordered "the prosecutor for the Government in this cause to make available to defense counsel those items indicated above as 'GRANTED' and 'AGREED' at 10:00 a.m. on the ____ day of _____, 1995." Nothing in the Motion for Discovery or the Order granting it in any way reflects that the stop and arrest in this case were *made without a warrant.*

The trial court stated it would take notice as requested by appellant. However, the only matters that would be noticed would be the "agreement" by the State to produce copies of any arrest warrants for "inspection, copying or photographing" *if* such matters were subject to judicial notice. TEX.R.CRIM. EVID. 201(b)(2) provides that the court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The purported answers to the above requests for discovery of arrest and/or search warrants were made by some unknown person outside of the judicial proceeding pending before the trial court and may be subject to varying interpretations. We hold that these discovery answers are not the kind of "adjudicative facts" covered by rule 201 and are not subject to judicial notice. *Stowe v. State,* 745 S.W.2d 568, 570 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (statements made by an individual outside a judicial proceeding do not constitute "adjudicative facts" that are subject to judicial notice).

After appellant asked the trial court to notice the discovery answers, he proceeded to question Officer Rodney Jaime, as follows, in pertinent part:

Q: Officer, I'm interested in what happened *after* the arrest. *After the arrest* was done you had conversation with Mr. Hogan (emphasis added)?

A: I don't know if it was considered conversation. I gathered information.

Q: Let's focus on when the arrest occurred. When did the arrest occur?

A: At 2:14 in the morning of the 28th.

Q: So we know when the arrest occurred, what was the thing that happened just before the arrest?

A: He was operating a motor vehicle. He was weaving in and out of his lane. Failed to signal making a right turn.

In response to other questions asked by appellant, Officer Jaime testified he arrested appellant after a field sobriety test and he determined appellant was under the influence of alcohol. Counsel for appellant also told Officer Juenke, Jaime's partner, he was only interested in things that occurred *after* the arrest in this case. Officer Juenke stated he did not recall any specific things appellant stated at the scene, that he watched Officer Jaime give appellant "the test," observed appellant when he was brought into the video room, and was not present when appellant was in the intoxilyzer room. After watching a videotape taken of appellant at the police station, appellant questioned Officer McMichael, the intoxilyzer operator at the police station. Officer McMichael testified that appellant refused to take the intoxilyzer test but did sign the DWI statutory warning indicating he refused the test.

Appellant did not ask any officer if they had a warrant for the arrest. We find that appellant never established that he was arrested without a warrant. Appellant could have met this minimal burden under *Russell,* 717 S.W.2d at 9, by simply asking the officers if they had a warrant for the arrest. Since the appellant did not meet the initial burden, the State never had a burden to prove reasonable suspicion to detain and probable cause to arrest. *Id.* This identical argument was raised by the appellants in (1)*White v. State,* 871 S.W.2d 833, 836–37 (Tex.App.—Houston [14th Dist.] 1994, no pet.); (2) *Highwarden v. State,* 846 S.W.2d 479, 480–81

(Tex.App.—Houston [14th Dist.] 1993), *pet. dism'd, improvidently granted,* 871 S.W.2d 726 (1994); and (3) *Johnson v. State,* 834 S.W.2d 121, 122 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). In these cases, the appellant failed to establish he/she was arrested without warrant and the burden never shifted to the State to prove probable cause for the arrest. The same is true in this case and we find the trial court properly denied the motion to suppress under *Russell,* 717 S.W.2d at 9. We overrule appellant's points of error one, two, three, and four.

In point of error five, appellant contends the trial court erred in failing to suppress the audio portion of the videotape because it did not comply with article 38.22, Texas Code of Criminal Procedure, which requires all voices on the recording be identified. In point of error six, appellant contends the trial court erred in failing to suppress the videotape because it contained a gap indicating the machine was not capable of an accurate recording as required by article 38.22, Texas Code of Criminal Procedure.

The videotape was not part of the record in this case and appellant has waived these points of error by failing to present a complete record. TEX.R.APP. P. 50(d); *Garcia v. State,* 901 S.W.2d 724, 729 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd).

In point of error seven, appellant contends the trial court erred in denying his motion to quash the information for its failure to specify a culpable mental state. Appellant was arrested January 28, 1995.

This same argument was made in *Jessup v. State,* 935 S.W.2d 508, 511–12 (Tex.App.—Houston [14 Dist.] 1996, pet. ref'd) in which we held a culpable mental state did not have to be alleged or proved in driving while intoxicated prosecution even though the offense occurred prior to the enactment of section 49.11, Texas Penal Code, effective September 1, 1995, which provides that "[n]otwithstanding section 6.02(b) [Texas Penal Code], proof of a culpable mental state is not required for conviction of an offense under this chapter." Therefore, for reasons stated in our opinion in *Jessup,* 935 S.W.2d at 511–12, we find a culpable mental state

need not be alleged or proved in a DWI charging instrument. Appellant's point of error seven is overruled and the judgment of the trial court is affirmed.