**Jerry Albert SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–373 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 12, 1998.

Decided Nov. 25, 1998.

Lydia Clay Jackson, Conroe, for appellant.

Mike Aduddell, Attorney Pro Tem, Conroe, for state.

Before WALKER, C.J., and BURGESS, and STOVER, JJ.

## OPINION

STOVER, Justice.

Jerry Albert Sims was indicted for the possession of controlled substances—cocaine and methamphetamine. After a hearing on,

and denial of, Sims' motion to suppress, the trial court deferred the adjudication of guilt and placed Sims on community supervision for a period of three years. In his sole point of error, Sims contends "the trial court reversibly erred and abused its discretion in overruling appellant's pre-trial motion to suppress evidence obtained as a result of an illegal arrest."

While on patrol in Montgomery County, Officer Steve Degner observed an altercation taking place in the parking lot of a bar. Degner pulled into the parking lot and exited his vehicle. He advised the group of ten people to put their hands where he could see them. Degner testified that everyone in the crowd complied with his command except for Sims. Degner observed Sims to be in the middle of the crowd with his hand by his side. Degner continued to instruct Sims to show his hands. Sims finally complied but he approached Degner from the rear, making Degner nervous. Degner testified that Sims approached his backside, came up close to him on his gun side, and actually touched him on the back. Degner backed away and pushed Sims away. Sims informed the officer that he was the owner of the bar. Degner smelled the odor of alcohol on Sims and his speech pattern appeared to be a slow slur and stutter. Sims was informed by Degner that he was under arrest for lewd and immoral conduct on an alcoholic beverage premises.[1] As Degner made an effort to handcuff Sims, Sims attempted to avoid arrest. Degner testified that, in his opinion, Sims was not acting normal and was intoxicated. Following the arrest, Sims was searched; cocaine and methamphetamine were discovered on his person.

Sims testified he had consumed only one beer. Patricia Sims (appellant's wife), and Andy Coker, both witnesses for the defendant, also testified that Sims had only one beer. Both testified that Sims was not intoxicated.

■ Sims argues the officer did not have sufficient articulable facts to warrant a finding of probable cause to believe that he was intoxicated. He argues that in the absence of probable cause, his warrantless arrest violates the Fourth and Fourteenth Amendments to the United States Constitution, Article I, § 9, of the Texas Constitution, and is otherwise illegal because it is not authorized under chapter 14 of the Texas Code of Criminal Procedure. As a result, Sims contends, all the evidence obtained as a result of the arrest was inadmissible under TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp. 1998).

■ When reviewing a trial court's ruling on a motion to suppress, an appellate court "should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on credibility and demeanor." See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The same amount of deference is given to a trial court's rulings on "application of law to fact questions." Id. However, "application of law to fact questions" that do not turn on an evaluation of credibility and demeanor are reviewed de novo. Id.

The State argues that Sims failed to sustain his burden of proving the State action was warrantless in nature, and, therefore, the burden never shifted to the State to prove probable cause for the warrantless arrest. We agree.

■ When a defendant seeks to suppress evidence based on an illegal arrest in violation of federal or state constitutions, the defendant has the initial burden of producing evidence which defeats the presumption of proper police conduct. See Russell v. State, 717 S.W.2d 7, 9 (Tex.Crim.App.1986); Franklin v. State, 913 S.W.2d 234, 238 (Tex.App.—Beaumont 1995, pet. ref'd). A defendant

---

1. TEX. ALCO. BEV.CODE ANN. § 104.01 (Vernon 1995) applies to intoxicated licensees on their own premises. The applicable portion of the statute is as follows:

**§ 104.01. Lewd, Immoral, Indecent Conduct**
No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:
. . . .
(5) being intoxicated on the licensed premises[.]

meets this burden by proving that the police seized him without a warrant. *Russell,* 717 S.W.2d at 9. Once a defendant proves the seizure was made without a warrant, the burden of proof then shifts to the State. *Id.* If the State proves that the seizure was made pursuant to a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10. If, however, the State is unable to prove the seizure was made pursuant to a warrant, the State must prove the reasonableness of the seizure. *Id; see also State v. Mercado,* 972 S.W.2d 75, 78 (Tex.Crim.App.1998) (party bringing motion to suppress bears burden of establishing all the elements of a Fourth Amendment claim; burden then shifts to the State to establish an exception to the warrant requirement).

At the hearing on the motion to suppress, the State called Officer Degner. On cross-examination, the officer was questioned about the circumstances of the arrest; no inquiry was made, however, as to whether the officer had a warrant for Sims' arrest.

■ A party may not rely on circumstantial evidence to meet its burden of showing the arrest was made without a warrant. *See, e.g., Highwarden v. State,* 846 S.W.2d 479 (Tex.App.—Houston [14 Dist.] 1993, pet. dism'd, improvidently granted). Although, the testimony from the suppression hearing indicates this was a warrantless arrest, and indeed Sims argues it was, Sims was still required to show the arrest was made without a warrant. In a recent opinion, the Houston Court of Appeals explained its reasoning for the application of this seemingly harsh burden:

> We do not believe it is asking too much of defense counsel to merely demonstrate, through questions put to a witness, the nonexistence of a warrant at the time of the arrest. *See Russell,* 717 S.W.2d at 9 (noting "defendant must *produce evidence* that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State")(emphasis added). Error relating to an illegal search or seizure must be based on an affirmative showing, not mere speculation or innuendo. To allow here, as [appellant] urges, the

burden of proof to shift to the State without the requisite affirmative showing of the absence of a warrant would create a *de facto* exception, based on the totality of the facts at the hearing, to the burden of proof in a hearing on a motion to suppress evidence. In essence, [appellant] seeks to shift the initial burden of proof when the testimony at the suppression hearing *circumstantially* demonstrates the defendant was arrested without a warrant. We cannot accept this proposed erosion of the burden of proof at a suppression hearing. The defendant has the burden to prove the seizure occurred without a warrant, but [appellant] failed to produce any evidence establishing that fact. Thus, the burden never shifted to the State to either produce evidence of a warrant or prove the reasonableness of the search or seizure pursuant to one of the recognized exceptions to the warrant requirement. This court addressed the same argument in [*White v. State,* 871 S.W.2d 833 (Tex.App.—Houston [14th Dist.] 1994, no pet.) ]. In *White,* this court rejected the argument that absence of a warrant, which shifts the burden of proof, can be demonstrated by circumstantial testimony. *See* 871 S.W.2d at 836. We agree with, and are bound by the *White* opinion. *See also Johnson v. State,* 834 S.W.2d 121 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (holding that burden never shifted to State despite appellant's argument that testimony at the suppression hearing demonstrated circumstantially he was arrested without a warrant).

*Telshow v. State,* 964 S.W.2d 303, 307–8 (Tex. App.—Houston [14th Dist.] 1998, no pet. h.).

Sims never met his initial burden of producing evidence that his arrest occurred without a warrant. As a result, the burden never shifted to the State to prove reasonable suspicion to detain and probable cause to arrest. We find the trial court properly denied the motion to suppress. Sims' sole point of error is overruled.

AFFIRMED.

BURGESS, Justice, concurring.

The majority resolves this case based upon a quote from *Telshow v. State,* 964 S.W.2d

303, 307–08 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.):

> We do not believe it is asking too much of defense counsel to merely demonstrate, through questions put to a witness, the nonexistence of a warrant at the time of the arrest. *See Russell*, 717 S.W.2d at 9 (noting "defendant must *produce evidence* that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State")(emphasis added). Error relating to an illegal search or seizure must be based on an affirmative showing, not mere speculation or innuendo. To allow here, as Telshow urges, the burden of proof to shift to the State without the requisite affirmative showing of the absence of a warrant would create a *de facto* exception, based on the totality of the facts at the hearing, to the burden of proof in a hearing on a motion to suppress evidence. In essence, Telshow seeks to shift the initial burden of proof when the testimony at the suppression hearing *circumstantially* demonstrates the defendant was arrested without a warrant. We cannot accept this proposed erosion of the burden of proof at a suppression hearing. The defendant has the burden to prove the seizure occurred without a warrant, but Telshow failed to produce any evidence establishing that fact. Thus, the burden never shifted to the State to either produce evidence of a warrant or prove the reasonableness of the search or seizure pursuant to one of the recognized exceptions to the warrant requirement. This court addressed the same argument in *White [v. State*, 871 S.W.2d 833 (Tex.App.—Houston [14th Dist.] 1994, no pet.) ]. In *White,* this court rejected the argument that absence of a warrant, which shifts the burden of proof, can be demonstrated by circumstantial testimony. *See* 871 S.W.2d at 836. We agree with, and are bound by the *White* opinion. *See also Johnson v. State,* 834 S.W.2d 121 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (holding that burden never shifted to State despite appellant's argument that testimony at the suppression hearing demonstrated circumstantially he was arrested without a warrant).

Only the Houston courts have adopted this rule that the absence of a warrant must be established by direct evidence. *Telshow,* 964 S.W.2d at 303; *Hogan v. State,* 954 S.W.2d 875, 877–78 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd); *White v. State,* 871 S.W.2d 833 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Highwarden v. State,* 846 S.W.2d 479 (Tex.App.—Houston [14th Dist.] 1993, pet. dism'd, improvidently granted); and *Johnson v. State,* 834 S.W.2d 121 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). All of these, to some degree, rely upon *Russell v. State,* 717 S.W.2d 7 (Tex.Crim.App.1986). Interestingly it appears the non-warrant aspect of *Russell* was established by less than direct evidence. Otherwise, why would the court have said: "[f]rom Officer Graves' testimony it is *obvious* that no warrant was obtained." *Id.* at 10. (Emphasis added).

From the majority's recitation of the facts, with which I have no quarrel, it is *obvious* Officer Degner did not obtain a warrant for Sims from the time Degner arrived at the parking lot until Degner informed Sims that he was under arrest for being intoxicated on a licensed premises and subsequently arrested him for that offense. Yet the Houston courts and the majority installs the prophylactic requirement that the defendant inquire whether or not the officer had a warrant. The law does not require a useless thing to be done. *See Allen v. State,* 552 S.W.2d 843, 846 (Tex.Crim.App.1977). In this instance, to require this inquiry, albeit a simple one, when the answer is obvious, is to require a useless thing. We should not yield to the temptation to affirm a criminal conviction on a superfluous issue especially when the substantive issue yields the same result.

Article 14.01(b) of our Code of Criminal Procedure allows a peace officer to arrest an offender without a warrant for any offense committed in his presence or within his view. TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). Based upon Degner's experience and Sims' actions, Degner had probable cause to arrest Sims for being intoxicated on a licensed premises and Sims' subsequent resistance provided additional grounds for Sims' arrest. Therefore, the resulting search pursuant to a lawful arrest, was a reasonable,

constitutional one and the trial court did not err in denying the motion to suppress.

For the reasons stated, I concur in the result.