William Randolph EPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00154–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 3, 1987.

**312**

J. Gary Trichter, Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Cathleen C. Herasimchuk, Clint Greenwood, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and LEVY and HOYT, JJ.

LEVY, Justice.

Appellant pleaded guilty to the misdemeanor offense of driving while intoxicated. Pursuant to a plea bargain agreement, the trial court assessed punishment at six months confinement, probated for two years, and a fine of $200.

In his sole point of error, appellant complains that the trial court erred in overruling his written motion to suppress. Appellant contended that he was arrested without a warrant; therefore, an audiotape and videotape of him, as well as his intoxilyzer results, should be suppressed.

No hearing was conducted, and no witness testified. Instead, appellant and the State stipulated in writing that his motion to suppress and an amended statement of facts in support of the motion were "tendered" to the trial court, and the trial court "took judicial notice that the motion ... (was) timely filed and of the allegations therein, and, that the motion ... (was) received into evidence." Thereafter, the trial court entered a written order denying the motion.

Appellant contends that his motion and statement of facts, once received into evidence and not being disputed, established that a seizure occurred without a warrant, thereby shifting the burden of proof to the State to produce evidence of a warrant or show that the arrest was valid pursuant to a statutory exception. *See Russell v. State*, 717 S.W.2d 7 (Tex.Crim.App.1986); *Mattei v. State*, 455 S.W.2d 761 (Tex.Crim. App.1970).

The State argues that pleadings are not evidence, and that it is legally impossible to stipulate otherwise by simply stating that the motion was "received into evidence." Moreover, the State asserts that there was no stipulation as to the actual facts or to the truth or veracity of the motion, but only a stipulation as to the existence of the motion and its filing.

We agree that a motion, sworn or otherwise, is not evidence. *Nelson v. State*, 629 S.W.2d 888, 890 (Tex.App.—Fort Worth 1982, no pet.). However, in the present case, the stipulation clearly establishes the intent of both the State and the defendant to have the trial court consider the motion, the attached affidavit of the defendant, and the amended statement of facts as evidence on which to base its suppression. Tex.Code Crim.P.Ann. art. 28.01 Sec. 1(6) (Vernon Supp.1987) specifically provides that the trial court may determine the merits of a motion to suppress "on the motions themselves, or upon opposing affidavits...."

Appellant has the initial burden of proving that a seizure occurred without a warrant. *Russell*, 717 S.W.2d at 9. "As a movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State." *Id.* (citations omitted).

In the present case, appellant met his initial burden of proof because his sworn affidavit attached to the motion to suppress uncontrovertedly established that a warrantless arrest occurred. This affidavit was sufficient evidence to shift the burden of proof to the State, and the State failed to produce any evidence of a warrant or to show that the offense was committed within the view of an officer.

The State urged for the first time on oral argument that the record is unclear as to what evidence the judge did in fact consider and requests this Court to abate the appeal until a hearing is held in the trial court pursuant to Tex.R.App.P. 55(a). Tex.R.App.P. 55(a) applies only to "inaccuracies on the statement of facts" and allows the appellate court to submit the matter to the trial court to determine whether the "statement of facts accurately discloses what occurred in the trial court." Abatement is not proper when, as in the present case, the record is not ambiguous and discloses on its face what occurred in the trial court. The agreed stipulation recites that the motion, affidavit, and statement of facts were presented to the trial court as "evidence," and we must presume that the trial court considered them in ruling on the motion.

Appellant's sole point of error is sustained.

The judgment is reversed, and the cause is remanded to the trial court.