**David Ray HAHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00082–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1993.

Ross Palmie, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant pled guilty to the misdemeanor offense of driving while intoxicated. The trial court assessed punishment at 180 days confinement, probated for two years, and a $400 fine. In two points of error, the appellant argues that the trial court erred by overruling his motion to suppress, and by accepting an involuntary plea of guilty. We affirm.

The appellant filed a pretrial written motion to suppress evidence. In the motion, he asserted that the arresting officer lacked reasonable suspicion or probable cause for the detention. He also argued the intoxilyzer test results should be suppressed because the test was not administered properly.

At the hearing on the motion, the appellant called two witnesses to testify. He first called Officer Lee Ann Groves of the Department of Public Safety. She testified that she was present at the time of the appellant's arrest, and that she administered the intoxilyzer test. The prosecutor asked one question on cross examination. She asked whether Groves observed the appellant for fifteen minutes before the test was given. Officer Groves answered "yes." The appellant also called Officer David Rainwater to testify. Officer Rainwater stated that he arrested the appellant for driving while intoxicated. The remainder of the questions the appellant asked him concerned the administration of the intoxilyzer test. The state did not cross examine Officer Rainwater.

■ Following the testimony, the trial court heard arguments. The appellant waived the right to open and reserved the right to close. The prosecutor urged the court to overrule the motion to suppress because the testimony showed Groves administered the intoxilyzer test properly. During the appellant's argument, his attorney urged the court to suppress all of the state's evidence because the prosecutor failed to establish probable cause for the warrantless arrest. He argued that he presented sufficient evidence to shift the burden to the state to show the arrest was reasonable.

■ The burden of proof in suppression hearings is set out in *Russell v. State*, 717 S.W.2d 7 (Tex.Crim.App.1986). The movant in a motion to suppress alleging lack of probable cause must initially produce evidence that a warrantless arrest or seizure occurred. *Id.* at 9. The burden then shifts to the State to show that a warrant existed. *Id.* If the State produces evidence that a warrant existed, then the burden shifts back to the defendant to show the invalidity of the arrest or seizure. *Id.* If the State cannot prove that a warrant existed, it must prove the reasonableness of the arrest or seizure. *Id.* at 10.

■ Officer Rainwater's testimony that he arrested the appellant for driving while intoxicated was the only evidence offered by the appellant to show that a warrantless arrest occurred. This did not shift the burden to the state. The appellant argues

that the trial court should have considered the affidavit included in the motion to suppress. He relies on *Epson v. State*, 743 S.W.2d 311 (Tex.App.—Houston [1st Dist.] 1987, no pet.). That case held that the trial court erred by failing to consider an affidavit attached to the defendant's motion to suppress. *Id.* at 312. However, in that case, the parties stipulated on the record that the court would consider the motion, affidavit and an amended statement of facts as evidence. Trial courts may determine the merits of a motion to suppress "on the motions themselves, *or* upon opposing affidavits, *or* upon oral testimony, *subject to the discretion of the court.*" TEX. CODE CRIM.PROC.ANN. art. 28.01 § 1(6) (Vernon 1989) (emphasis added). In this case, the trial court refused to consider the affidavit and held the appellant failed to meet its initial burden. Article 28.01 § 1(6) allows the trial court to rule on the motion by any of the three methods listed above.

Our court of criminal appeals recently addressed a similar issue. *See Rodriguez v. State*, 844 S.W.2d 744 (Tex.Crim.App. 1992). In that case, the trial court overruled the defendant's motion to suppress. The court of appeals affirmed because there was no evidence offered at the hearing. *Rodriguez v. State*, 834 S.W.2d 592, 595 (Tex.App.—Houston [1st Dist.], 1992), *rev'd in part*, 844 S.W.2d 744 (Tex.Crim. App., 1992). The court of criminal appeals held the intermediate court erred by refusing to consider the defendant's motion and the attached affidavit. However, no evidence of any sort was introduced at the hearing. The trial court merely heard each side argue their positions. Since art. 28.01 § 1(6) allows a trial court to determine the merits of a motion to suppress on the motions themselves, or upon opposing affidavits, the court of appeals erred by refusing to consider them. *Rodriguez v. State*, 844 S.W.2d 744. Neither art. 28.01 § 1(6), nor the *Rodriguez* decision *requires* the trial court to consider written motions or affidavits not mentioned during the hearing. In the present case, the trial court decided the motion based on oral testimony. The affidavit was not introduced into evidence or otherwise brought to the court's attention.

We hold the trial court did not err by refusing to consider the affidavit, and overrule the first point of error.

In his second point of error, the appellant argues his guilty plea was not entered knowingly and intelligently. He argues that at the time he pled guilty, he mistakenly believed he would receive full appellate review of both grounds raised in his motion to suppress. He relies on *Shallhorn v. State*, 732 S.W.2d 636 (Tex.Crim. App.1987). In that case, the defendant pled guilty after the trial court denied her motion to suppress. The appellant, her attorney, and the judge all believed the defendant would be entitled to appeal. However, since the plea was not entered pursuant to a plea bargain, appellate review of the pretrial motion was unavailable. *See Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). Under those facts, the court of criminal appeals held the defendant did not enter her plea voluntarily or knowingly. *Shallhorn* at 637.

In the present case, the appellant's attorney stated that his client expected to receive "full and complete appellate review" of the ruling on the motion to suppress. The prosecutor and the trial judge both indicated that only the suppression of the intoxilyzer results would be reviewable on appeal. Nonetheless, the appellant entered the plea of guilty pursuant to an agreed sentence. We hold the appellant entered his plea knowingly and intelligently. Accordingly, we overrule the second point of error and affirm the conviction.