TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND








NO. 03-95-00266-CR







Jerry Gonzales, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 94-2930-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING









 Appellant Jerry Gonzales entered into a plea bargain agreement with the State which was accepted by the trial court. On
appellant's plea of nolo contendere, he was convicted of the offense of driving a motor vehicle in a public place while
intoxicated. See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (Tex. Rev. Civ. Stat.
Ann. art. 6701l-1(b) (since amended and codified at Tex. Penal Code Ann. § 49.04 (West 1994)). In an unpublished
opinion, this Court affirmed the trial court's judgment, holding that the trial court did not abuse its discretion in refusing to
grant appellant's motion to suppress evidence.

 Appellant's petition for discretionary review was granted by the Court of Criminal Appeals. That Court reversed the
judgment of this Court and remanded the cause with instructions to "identify 'the fruits' that the trial court held would not be
suppressed" and to "determine [whether] these fruits have 'somehow been used' by the State." See Gonzales v. State, 966
S.W.2d 521, 524 (Tex. Crim. App. 1998). The Court of Criminal Appeals also advised that "if it is not clear from the
testimony and exhibits what 'the fruits' are, then the appellate court need not address the merits of the claim. Likewise, if
the fruits have not 'somehow been used' by the State, then the appellate court need not address the merits of the claim." Id.

 After the cause was remanded, appellant, at this Court's request, filed a brief addressing the issues we were instructed to
determine. Appellant asserts that: "The fruits of the poisonous tree in this case was the admissibility of the blood test
results, which the State alleged, by way of information, to have contained an alcohol concentration over 0.10, that was taken
from the defendant." The State alleged alternative means in the information by which the element of intoxication might be
proved. It was alleged that:  (1) appellant "did not then and there have the normal use of mental and physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances
into the body," or (2) in the alternative, that appellant "did then and there have an alcohol concentration of 0.10 or more."
Proof of either means alleged would support that element of the offense.

 We have again reviewed the complete record consisting of the clerk's record, the reporter's record of the hearing of the
motions to suppress, and the reporter's record of the plea proceedings. No exhibits were offered or admitted in evidence. 
The sole witness was Department of Public Safety Trooper Lewis Hodges who testified at the hearing of the motion to
suppress. The record shows that, at Trooper Hodges's request, appellant furnished a specimen of his blood which was drawn
at the hospital by a registered nurse. That blood specimen was taken to the Department of Public Safety Laboratory by
Trooper Hodges. The record fails to show that the blood specimen was analyzed. If it were analyzed, the record fails to
show that the results of the analysis revealed incriminating evidence. Appellant argues inferentially that the State's
allegation that the defendant "did then and there have an alcohol concentration of 0.10 or more," identifies "the fruits" of the
alleged unlawful search and seizure of appellant's blood. We do not agree.

 The mere allegation in a charging instrument that appellant's blood alcohol concentration was 0.10 or more constitutes no
evidence that "the fruits" of the alleged unlawful search and seizure was the "blood test results." An indictment or
information is not evidence. See United States v. Ross, 58 F.3d 154, 160 n.10 (5th Cir. 1995); United States v. Flores Perez,
849 F.2d 1, 5 (1st Cir. 1988); United States v. Cox, 536 F.2d 65, 72 (5th Cir. 1976) ("it is hornbook law that indictments
cannot be considered as evidence . . . . "). Also, motions to suppress evidence are not evidence. See Epson v. State, 743
S.W.2d 311, 312 (Tex. App.--Houston [1st Dist.] 1987, no pet.); Jones v. State, 659 S.W.2d 492, 493 (Tex. App.--Fort
Worth 1983, no pet.); Nelson v. State, 629 S.W.2d 888, 890 (Tex. App.--Fort Worth 1982, no pet.). However, a motion to
suppress that is sworn to or supported by affidavit and admitted in evidence may be considered as evidence. See Tex. Code
Crim. Proc. Ann. art. 28.01 (West 1989); Epson, 743 S.W.2d at 312. In the instant case the motions to suppress were not
sworn to or supported by affidavit, and they were not offered or admitted in evidence. Appellant's motions to suppress were
mere pleadings; they were not self-proving and they were not evidence.

 The trial court's order refusing to grant appellant's motion to suppress is supported by McGlynn v. State, 704 S.W.2d 18
(Tex. Crim. App. 1987) (on motion for rehearing). In that case, the defendant was charged with possessing
methylphenidate and before pleading guilty, moved the trial court to suppress the contraband because it had been
unlawfully seized. The Court of Criminal Appeals held that the trial court did not err in refusing to suppress the evidence
because the "testimonial record . . . simply [did] not show that anything the officer seized was methylphenidate." We quote
from that opinion.



Here, unlike the clear showing in the record of Isam [Isam v. State, 582 S.W.2d 441 (Tex. Crim. App. 1979)] that the
controlled substance seized was marihuana, the testimony of the arresting and searching officer does not inform us that the
pills he seized from the prescription bottle in the purse of appellant were, or contained, a controlled substance.



* * * * *




Without some such demonstration in the record, we are left to determine academically whether seizure of pills in a bottle
found in the purse of appellant was violative of the Fourth Amendment and of Article I, § 9. But since the strictures of both
are enforced through the Exclusionary Rule, "the issue is not the abstract propriety of the police conduct, but the
admissibility against [appellant] of the evidence uncovered by the search and seizure," Terry v. Ohio, 392 U.S. 1, 12, 88
S.Ct. 1868, 1875, 20 L.Ed.2d 889 (1968). The dictum of Justice Holmes is still valid: "The essence of a provision
forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the
Court but that it shall not be used at all." Silverthorne Lumber Co. v. United States, 251 U.S. 385, 388, 40 S.Ct. 182, 64
L.Ed. 319 (1920). Yet unless and until we are confident about what fruits of a search have somehow been used, the Court
need not decide whether the search was constitutionally permissible.





McGlynn, 704 S.W.2d at 20-21. We are not authorized to speculate on what the record might have shown.

 From the record, we cannot identify "the fruits" of the alleged unlawful search and seizure. Therefore, in accord with the
Court of Criminal Appeals' instructions, we need not address the merits of appellant's claims. Likewise, because we are
unable to identify from the record any "fruits" of the alleged unlawful search and seizure, we are unable to determine from
the record that the alleged fruits have "somehow been used" by the State. We again hold that the trial court did not abuse its
discretion in refusing to grant appellant's motions to suppress.

 The trial court's judgment is affirmed.





 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed on Remand

Filed: October 8, 1998

Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex. Gov't Code Ann.
§ 74.003(b) (West 1988).



did then and there have an alcohol concentration of 0.10 or more," identifies "the fruits" of the
alleged unlawful search and seizure of appellant's blood. We do not agree.

 The mere allegation in a charging instrument that appellant's blood alcohol concentration was 0.10 or more constitutes no
evidence that "the fruits" of the alleged unlawful search and seizure was the "blood test re