TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00016-CR







Paul Todd Bilsing, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 428-102, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 Paul Todd Bilsing, appellant, appeals his conviction for driving while intoxicated
("DWI"), (1) and requests we remand the cause for a new trial with instructions to suppress evidence
which he claims was illegally seized. In two points of error Bilsing claims that the State did not
meet its burden of proving reasonable suspicion or probable cause justifying the initial stop, (2) and
thus all fruits of the stop and Bilsing's subsequent arrest should have been suppressed. The State,
in a single cross-point, seeks reversal of the judgment to the extent it fails to impose the minimum
of 72 hours' confinement as a condition of community supervision required by law for all DWI
subsequent offenders. We will affirm the trial court's judgment in all respects. 


BACKGROUND

 On November 29, 1994, Bilsing was arrested for DWI, his second such offense. 
In an evidentiary pretrial hearing, arresting officer Jeffrey Stone testified that his supervisor, Sgt.
Robert Lee, initially stopped Bilsing for speeding. Lee ordered Bilsing out of his vehicle and
Officer Stone asked Bilsing to step to the rear of the vehicle. Stone noticed that Bilsing had
difficulty removing his driver's license from his wallet, exhibited badly slurred speech, and had
a strong smell of alcohol on his breath. Due to these observations, Stone administered to Bilsing
several field sobriety tests, which he failed. Bilsing was arrested for DWI. He refused a breath
test.

 Sgt. Lee did not testify at the pretrial hearing. Bilsing argued at the hearing that
since the State did not establish that Lee or Stone actually observed him speeding, the State did
not meet its burden of proving probable cause for the stop. Thus, Bilsing requested that the trial
court suppress all fruits of the stop. Additionally, Bilsing argued that the State did not prove
probable cause for the subsequent arrest and requested that the fruits of the seizure be suppressed. (3) 
The trial court found probable cause for both the stop and the subsequent arrest.

 On November 4, 1997, pursuant to a plea bargain, Bilsing pled no contest to the
charge of second offense DWI. The trial court found him guilty and sentenced him to one year
in jail, probated for two years, and a $2,000 fine, of which $1,500 was also probated for two
years. Bilsing now argues that the trial court erred in failing to suppress all fruits of his seizure
because the State did not demonstrate probable cause for his initial stop in violation of the Fourth
Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. 


DISCUSSION

 When a defendant seeks to suppress evidence on the basis of a Fourth Amendment
violation, the burden of proof is initially placed upon the defendant. Russell v. State, 717 S.W.2d
7, 9 (Tex. Crim. App. 1986). When the defendant establishes that a search or seizure occurred
without a warrant, he meets his initial burden of proof and the burden then shifts to the State to
prove reasonable suspicion for the search or seizure. Id. at 10. In the case at bar, the State does
not dispute that Bilsing's stop and arrest were warrantless, but argues that neither the Fourth
Amendment nor the Texas Constitution were violated because there existed probable cause for
both the initial stop and the subsequent arrest. 

 Bilsing argues that there was no testimony at the pretrial hearing establishing
probable cause for the initial stop, so all fruits of that stop should have been suppressed by the trial
court. Bilsing contends that Stone's testimony gave no indication of personal knowledge of
Bilsing's speeding. To put Officer Stone's testimony in context, we quote the following excerpt
from the pretrial hearing:



Q: All right. Officer, for the purposes of this hearing, I want you to focus on
things that occurred at the station after Mr. Bilsing was arrested for DWI. 
And I want to question you in areas that pertain to the videotape, the breath
test request, and possible Miranda violations and possible DWI statutory
violations. You're familiar with the Miranda doctrine?


A: Yes, sir.


Q: You're familiar with the DWI statutory warning?


A: Yes.


Q: Let me develop a background of what happened so the judge will be familiar
with how we get to the station to develop these areas. On November 29,
1994, approximately 12:29 in the morning, Mr. Paul Bilsing was arrested for
DWI; is that correct?


A: That's pretty close as far as time.


 . . .


Q: Now, the probable cause, so that we can get through that issue, for the stop
was that another officer, Robert Lee - - Sgt. Lee, isn't it?


A: Yes. He was my supervisor at the time.


Q: Was pulling over Mr. Bilsing because he was going 80 in a 55 mile per hour
zone; is that correct?


A: I think the report says 82, or somewhere in there. Speeding.


Q: And the actual traffic stop location would have been in the Whataburger
parking lot where you were, and also Sgt. Lee.


A: That's correct.


Q: Now, in terms of the probable cause for the arrest for DWI, that was based
upon the driving, the manner in which Mr. Bilsing removed his license from
his wallet, the odor that you detected, his manner of speech, the conditions
of his eyes, and the failure of all the field sobriety tests that you gave, right?


A: As best I can recall, yes.


(Emphasis added.)

 Bilsing argues that Stone's testimony was insufficient to establish probable cause
for the initial stop. He contends that to meet its burden the State must show that the offense was
committed within the view of the officer, Epson v. State, 743 S.W.2d 311 (Tex. App.--Houston
[1st Dist.] 1987, no pet.), or must demonstrate another basis for the officer's knowledge. Dickey
v. State, 716 S.W.2d 499, 504 (Tex. Crim. App. 1986). Bilsing relies upon a line of cases which
hold that in order to justify a stop, the police officer must be able to point to specific and
articulable facts, which when taken together with rational inferences from those facts, reasonably
warrant the stop. See id.; see also Terry v. Ohio, 392 U.S. 1, 13 (1968); Albon v. State, 537
S.W.2d 267, 268-69 (Tex. Crim. App. 1976). Defense counsel asked Stone if the probable cause
for Bilsing's stop was that he was driving 80 m.p.h. in a 50 m.p.h. zone. Stone responded, "I
think the report says 82, or somewhere in there. Speeding." Bilsing contends that Stone, through
his answer, only established that the offense report indicated that Bilsing had been speeding, not
that Stone had personal knowledge of the actual traffic violation. We disagree.

 We view Stone's response as an affirmation of the statements within the
question--that the probable cause for the stop was speeding--and we view Stone's reference to the
offense report as a mere clarification of the actual speed at which Bilsing's vehicle was clocked. 
A police officer's testimony that a vehicle was speeding is sufficient evidence to conclude that
there was a violation of a traffic law thereby justifying an initial stop. Dillard v. State, 550
S.W.2d 45, 50 (Tex. Crim. App. 1977). We decline to adopt Bilsing's interpretation--that
Stone's response indicated that the only knowledge he had of Bilsing's speeding came from the
offense report. Stone's response was uncontroverted testimony as to the probable cause for the
stop.


 Additionally, although determinations of reasonable suspicion and probable cause
are reviewed de novo on appeal, appellate courts should afford great deference to a trial court's
determination of the historical facts that the record supports, especially when the trial court's fact
findings are based upon an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997). Evidentiary rulings made by the trial court are tested by an abuse
of discretion standard. Id. The trial court did not abuse its discretion in inferring that Stone had
personal knowledge of Bilsing's speeding. Stone testified that his supervisor, Sgt. Lee, pulled
Bilsing over for speeding. Stone testified that he was in the parking lot contemporaneously with
Lee when Lee ordered Bilsing to step out of the vehicle. Stone testified that he came into contact
with Bilsing when Bilsing emerged from the vehicle. Stone indicated that he had personal
knowledge of Bilsing's offense of driving while intoxicated in his Affidavit for Warrant of Arrest
and Detention. Furthermore, Stone's demeanor and physical gestures at trial may have aided the
trial court in evaluating Stone's personal knowledge of the events, further validating the trial
court's inference that Stone had personal knowledge. Stone's uncontroverted testimony in the
record, coupled with the legitimate factual inferences that the trial court drew from the testimony,
support the conclusion that Stone had personal knowledge that Bilsing was speeding. Given the
trial court's determination that Stone had personal knowledge of the speeding violation, we find
that there was probable cause for the initial stop. We overrule Bilsing's two points of error. 


The State's Cross-Point

 In a cross-point, the State contends that the trial court erred in failing to order a
minimum of 72 hours' confinement as a condition of Bilsing's community supervision. The trial
court placed Bilsing on community supervision for two years, but the State argues that the court
should also have imposed a minimum of 72 hours of incarceration since this was Bilsing's second
DWI offense. (4) The State contends that because the judgment of community supervision does not
reflect the mandatory 72-hour minimum incarceration, we should remand the cause to the trial
court with instructions to reform the judgment. However, the State did not file its own notice of
appeal and thus failed to perfect its own appeal. Tex. R. App. P. 25.2. We overrule the State's
cross-point.


CONCLUSION

 Because Stone's uncontroverted testimony and the factual inferences of the trial
court establish that Stone had personal knowledge of Bilsing's speeding, the trial court did not
abuse its discretion in finding probable cause for the initial stop. The judgment of the trial court
is affirmed in all respects.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: April 8, 1999

Do Not Publish
1. See Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West 1994 & Supp. 1999).
2. Bilsing's two points of error claim the traffic stop violated the United States and Texas
Constitutions respectively because the State failed to sustain its burden of demonstrating either
reasonable suspicion or probable cause for Bilsing's initial stop. The Fourth Amendment and the
corresponding provision of the Texas Constitution both protect the same right to the same degree. 
Johnson v. State, 912 S.W.2d 227, 232-33 (Tex. Crim. App. 1995). We will dispose of both
points of error through an analysis of probable cause based upon Texas law. 
3. Bilsing also moved to suppress his breath test refusal and videotaped statements which he
claimed violated his Miranda rights. After the pretrial hearing, the trial court suppressed the
videotaped statements, but denied Bilsing's other requests for suppression relief.
4. See Tex. Code Crim. Proc. Ann. art. 42.12 § 13(a)(1) (West Supp. 1999).



ination of the historical facts that the record supports, especially when the trial court's fact
findings are based upon an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997). Evidentiary rulings made by the trial court are tested by an abuse
of discretion standard. Id. The trial court did not abuse its discretion in inferring that Stone had
personal knowledge of Bilsing's speeding. Stone testified that his supervisor, Sgt. Lee, pulled
Bilsing over for speeding. Stone testified that he was in the parking lot contemporaneously with
Lee when Lee ordered Bilsing to step out of the vehicle. Stone testified that he came into contact
with Bilsing when Bilsing emerged from the vehicle. Stone indicated that he had personal
knowledge of Bilsing's offense of driving while intoxicated in his Affidavit for Warrant of Arrest
and Detention. Furthermore, Stone's demeanor and physical gestures at trial may have aided the
trial court in evaluating Stone's personal knowledge of the events, further validating the trial
court's inference that Stone had personal knowledge. Stone's uncontroverted testimony in the
record, coupled with the legitimate factual inferences that the trial court drew from the testimony,
support the conclusion that Stone had personal knowledge that Bilsing was speeding. Given the
trial court's determination that Stone had personal knowledge of the speeding violation, we find
that there was probable cause for the initial stop. We overrule Bilsing's two points of error. 


The State's Cross-Point

 In a cross-point, the State contends that the trial court erred in failing to order a
minimum of 72 hours' confinement as a condition of Bilsing's community supervision. The trial
court placed Bilsing on community supervision for two years, but the State argues that the court
should also have imposed a minimum of 72 hours of incarceration since this was Bilsing's second
DWI offense. (4) The State contends that because the judgment of community supervision does not
reflect the mandatory 72-hour minimum incarceration, we should remand the cause to the trial
court with instructions to reform the judgment. However, the State did not file its own notice of
appeal and thus failed to perfect its own appeal. Tex. R. App. P. 25.2. We overrule the State's
cross-point.


CONCLUSION

 Because Stone's uncontroverted testimony and the factual inferences of the trial
court establish that Stone had personal knowledge of Bilsing's speeding, the trial court did not
abuse its discretion in finding probable cause for the initial stop. The judgment of the trial court
is affirmed