ACCEPTED
13-15-00031-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/26/2015 10:08:42 AM
DORIAN RAMIREZ
CLERK

## NO. 13-15-00031-CR

## IN THE COURT OF APPEALS
## FOR THE THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI, TX

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/26/2015 10:08:42 AM
DORIAN E. RAMIREZ
Clerk

_____

## STATE OF TEXAS,
## APPELLANT

## VS.

## KIMBERLY FORD,
## APPELLEE

_____

## APPEAL FROM THE 105TH DISTRICT COURT
## NUECES COUNTY, TEXAS
## TR. NO. 13-CR-0073-D

_____

## BRIEF FOR THE APPELLEE

_____

**Irma Mendoza Sanjines**
**S. B. N. 17635655**
**Wilson Plaza West, Ste. 504**
**P. O. Box 4005**
**Corpus Christi, TX 78469-4005**
**Tel.: (361) 883-6106**
**Fax: (361) 883-9650**
**irmasanjines@aol.com**

**Oral Argument Requested**

## CERTIFICATE OF INTERESTED PERSONS

1. **Parties:**

   The State of Texas–Appellant
   Mark Skurka
   Nueces County District Attorney

   Kimberly Ford -Appellee
   902 South Timothy St.
   Corpus Christi, TX 78418

2. **Counsel for Appellant:**

   Trial:       Michelle Putnam
                Asst. District Attorney
                901 Leopard, Rm. 206
                Corpus Christi, TX 78401

   Appellate:   A. Cliff Gordon
                Asst. District Attorney
                Corpus Christi, TX 78401

3. **Counsel for Appellee:**

   Trial:       Jason Wolf
                410 Peoples St.
                Corpus Christi, TX 78401

   Appeal:      Irma M. Sanjines

4. **Trial Judge:**      The Hon. Jack Pulcher
                         Presiding Judge, 105th District Court

# TABLE OF CONTENTS

Page

Certificate of Interested Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii-iv

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2-5

Standard of Review/Burden of Proof  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8-9

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-15

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

| Cases | Page |
|---|---|
| *Akin v. Dahl,* 661 S.W. 2d 917, 921 (Tex. 1983), cert. denied, 466 U. S. 938, 80 L.Ed. 2d 460, 104 S.Ct. 1911 (1984) . . . . . . . . . . . . . . . . . . | 11 |
| *Alabama v. White,* 496 U.S. 325, 330-31, 110 S.Ct. 2412, 2416-17, 110 L.Ed. 2d 301 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354 (2004) . . . . . . . . . . . . . . | 1 |
| *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex.Crim.App. 2011) . . . . . . . . . . | 9 |
| *Ethington v. State*, 819 S. W. 2d 854, 858 (Tex. Crim. App. 1991) . . . . . . . . . . | 10 |
| *Ford v. State*, at 305 SW3d 530(Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . | 1 |
| *Hawkins v. State,* 214 S.W. 3d 668(Tex. App.-Waco 2007). . . . . . . . . . . . . . . . | 3 |
| *Martinez v. State,* 348 S.W.3d 919, 922-23 (Tex. Crim. App. 2011). . . . . . . . . . . | 7 |
| *Sims v. State*, 980 S.W. 2d 538 (Tex. App.-Beaumont 1998) . . . . . . . . . . . . . . . | 8 |
| *State v. Castleberry*, 332 S.W. 3d460, 466 (Tex. Crim. App. 2011) . . . . . . . . . . | 9 |
| *State v. Griffey*, 241 S.W.3d 700, 704( (Tex. App. –Austin 2007, pet. ref'd). . . . | 10 |
| *State v. Ross*, 32 S.W. 3d 853, 855 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . | 8 |
| *State v. Thirty Thousand Six Hundred Sixty Dollars*, 136 S.W. 3d 392(Tex. App.-Corpus Christi 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |
| *Stewart v. State*, 611 S.W. 2d 434 (Tex. Crim. App. 1981). . . . . . . . . . . . . . . . . . | 13 |
| *Terry v. Ohio*, 392 U. S. 1, 21-22, 88 S.Ct. 1868(1968)). . . . . . . . . . . . . . . . . . . | 9 |

*Thompson v. State*, 244 S.W. 3d 357 (Tex. App.-Tyler 2006). . . . . . . . . . . . . . . .12

*Tucker v. State*, 990 S.W. 2d 261, 262 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . 9

**Statutes and Rules**

Tex. Penal Code Ann §31.03(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

 TEX. R. APP. Proc. 33.1(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. R. APP. PROC. 39.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

## STATEMENT REGARDING ORAL ARGUMENT

Appellee requests oral argument because the facts and legal arguments as to the issue presented herein would be significantly emphasized and clarified by oral argument and the decisional process would be aided.  TEX. R. APP. PROC. 39.2.

## STATEMENT OF THE CASE

Appellee (Ford) was charged in an Indictment with Possession of Methamphetamine less than four grams, a third degree felony. (CR p. 5). [1]

Ford filed a Motion to Suppress which had been reset twice prior to its final setting of December 10, 2014 due to the State's inability to produce their main witness. The State's oral motion for continuance at the third setting was denied and the trial court proceeded to hear oral argument based on the State's unsworn police report, introduced as State's Exhibit 1. (3 RR, Exhibit 1).[2] The trial court granted the Motion to Suppress. (CR 29)(2RR p. 20).

---

[1] "CR" refers to clerk's record on appeal followed by page number using pagination by the clerk of this court.

[2] "RR" refers to reporter's record as prepared by Evelyn Aguilar, court's reporter, using her volume and pagination.

**STATEMENT OF FACTS**

The State indicted Ford on June 5, 2014 with possession of a controlled substance, less than four grams of methamphetamine. The State subpoenaed five individuals involved in this arrest on or about July 10, 2014. Ford filed her Motion to Suppress on October 7, 2014. (CR pp. 5-23).

The trial court heard Ford's Motion to Suppress on December 10, 2014 after denying the State's oral motion for continuance, the State's third continuance motion, due to the State's continuing inability to acquire their main witness, M. Rogers. (2 RR p. 6). As a last minute effort to rob the trial court of its ability to hear the motion to suppress, the State tendered an unfiled Motion to Dismiss which was later withdrawn by the State. (2RR p. 8).

At the hearing, the Defendant argued that it was a warrantless search as supported by the State's police report. (3 RR, Exhibit1). The only evidence presented by the State was an unsworn police report prepared by Officer Rogers which the court admitted as State's Exhibit 1 over the defense's objection to it's admissibility on several grounds. (2 RR pp. 10-13). Ford argued against the reliability, accuracy, and sufficiency of the entire police report as allowed by *Ford v. State*, at 305 SW3d 530 (2 RR p. 12). Ford also objected to the hearsay nature of the report as per *Crawford v. Washington* (2 RR p. 13) as well as the legality of

2

the arrest and the incidental search which produced the illegal substance from Ford's purse. (2RR pp. 13-15; 3 RR, Exhibit 1at p. 18). When the trial court admitted the police report, it did so only as to Rogers' narrative. (2RR p. 14).

The trial court went into a colloquy regarding the totality of circumstances surrounding the arrest and subsequent search of Ford's purse. ( 2RR pp. 15-21). First, the trial court expressed concern as to the credibility of the information contained in the police report since Rogers' actions was based upon hearsay of Maria Molina, the informant, who was not available to the trial court. The trial court inquired why the State had failed to produce Maria Molina, when Rogers had initially relied on that very information Molina gave to form reasonable suspicion and then probable cause, i.e. the identification of Ford and her actions. The State admitted that they had not attempted to bring Molina to this hearing as a witness, nor did they attempt to phone her just prior to the hearing. ( 2 RR p. 16). The judge stated, "There's no one here to vouch for the credibility of the information. There is Maria Molina who is an employee of the store who allegedly called [the police] and gave some information. But, the defendant was still shopping. . . ." ( 2 RR p. 19).

The trial court also questioned Rogers' reasoning for probable cause to arrest and search Ford, Rogers stating in his report that he believed that Ford had

3

the intent to steal because she "was depriving the store from displaying the items for sale". The trial court did not believe this was enough to form probable cause to arrest when one considered that Ford had just told Rogers "she was not done shopping, and she was going to pay for them before she left...." ( 3RR, Exhibit 1 at 18)(2RR p.19). The trial court stated, "I don't know an offense associated with not allowing items to be displayed for sale. He [Rogers] doesn't say anything about theft, other than at the very end when says it was obvious to, I guess to him, that Ford had intentions to steal the items. But she never tried to leave the store with the items, she didn't flee when she was approached. She didn't try to further hide anything, and she indicated that she was going to pay for them". ( 2RR p. 19).

The State argued that "asportation" of the items was not required to prove theft pursuant to *Hawkins,* 214 S.W. 3d 668. The trial court perused *Hawkins* and then distinguished it from Ford's circumstances by saying "In *Hawkins* you have other factors. You have being there when the business isn't open. You have climbing a fence. You have fleeing the scene upon contact. You have a lot of factors that the court could have rightfully taken into consideration for purposes of, you know, determining the intent, meaning, you know, there was an intent to deprive." ( 2RR p. 17). The defense counsel argued that the case differentiated from Ford's circumstances in that she was a customer who was inside the store

4

during business hours, shopping, and telling the officer she was still shopping and was going to pay for them. ( 2 RR p. 16).

The trial court granted the suppression, concluding that the officer acted prematurely in contacting Ford in the middle of the store and asking about the items she placed in the purse because "the circumstances left a huge gap for the court to infer and determine what her intention was. And I think that's just a too big a leap at this point, considering her cooperation...." ( 2 RR p. 20). The trial court found the officer lacked reasonable suspicion to detain Ford at the hearing when it stated, "the officer did not have sufficient basis to stop and investigate Ford for theft." ( 2 RR p. 20).

The issue of whether Ford's detention was consensual was never raised by the State at the suppression hearing, either orally or in written response to the Motion to Suppress.

## ISSUES PRESENTED

1. The officer did not have reasonable suspicion to detain Ford.

2. The officer lacked probable cause to arrest Ford.

3. The officer's search of Ford's purse was not incident to a lawful arrest and therefore illegal.

## SUMMARY OF THE ARGUMENT

### 1. The officer did not have reasonable suspicion to detain Ford.

The trial court found that Officer Rogers did not have reasonable suspicion to detain Ford from a totality of the circumstances. ( 2 RR p. 20). It is presumed that the trial court so found because the facts of the police report reflect that Ford was still shopping, with a cart and items in that cart, and had not passed nor was she attempting to pass a purchase point in the store at the time of the officer's arrival. Ford had not yet violated the law or done anything unlawful and therefore her detention was illegal. The officer did not have articulable facts that criminal activity was afoot. Therefore, Officer Rogers actions at his arrival to stop and question Ford were premature. Ford yielded to Officer Roger's show of authority when he stopped her and therefore was not consensual.

Morever, the police report presents a question of Maria Molina's, the informant's, credibility. It states that Molina told Officer Rogers the customer (Ford) had come in with a empty purse in order to place store merchandise in it. Maria Molina would have to be clairvoyant to know that Ford's purse was empty. Moreover, Ford had items in her shopping cart that she would have paid for if not for Molina's and Officer Rogers' intrusion, and yet t hose items were totaled up by Molina to add to the value of the stolen items in this criminal case. The trial court

6

felt that Molina's testimony at the suppression hearing was essential as Officer Rogers relied on her information to form a suspicion and probable cause of Ford's unlawful behavior. Moreover, cross-examination of Molina was essential on the issues going to her credibility as an informant. The trial court's findings that officer lacked reasonable suspicion to believe Defendant had committed a crime at the time of the stop should be upheld. (CR pp. 39, 48).

**2.  The officer lacked probable cause to arrest Ford.**

Officer Rogers states in his report that Ford explained to him or told him during her detention that she had just put the items in her purse, she was not done shopping, and she was going to pay for them before she left. It was clearly visible that she had items in her cart. He reports that she lacked nervousness when he approached her. At this point, Officer Rogers, having received an explanation from Ford as to her actions, did not have probable cause to arrest Ford for an unlawful act since it was clear she did not have the specific intent to steal the items at the point of his encounter with her. The trial court should be upheld in its findings that the officer did not have probable cause to arrest Defendant. (CR pp. 39, 48)

**3.  The officer's search of Ford's purse was not incident to an unlawful arrest and therefore illegal.**

7

Officer Rogers arrested Ford for depriving the store from displaying the items for sale. This is not a criminal offense. Once Ford gave her explanation as to her activity, she should have been cleared and released from her detention. Because the seizure of the methamphetamine was not incident to a lawful arrest, it was improper and needed to be suppressed by the trial court. The trial court's findings that probable cause did not exist to search Defendant's purse should be upheld. (CR pp. 39, 48).

## Standard of Review

In reviewing a trial court's ruling on a motion to suppress, this Court must apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on the credibility determinations. *Martinez v. State*, 348 S.W.3d 919, 922-23 (Tex. Crim. App. 2011).

In a suppression hearing, the trial court is the sole trier of fact and credibility of witnesses and its weight to be given, such that he may believe or disbelieve all or any part of a witness' testimony, even if that testimony is not

8

controverted by any other witness. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App 2000).

If the trial court failed to file findings of fact as to a specific issue, the evidence is viewed in the light most favorable to the trial court's ruling, using court's implicit findings of facts which are supported by the record. *Ross*, 32 S.W. 3d at 855. If the trial court's decision is correct on any theory of law applicable to the case, the decision should be sustained by this Court. *Ross*, 32 S.W.3d at 855-56.

## Burden of Proof

The defendant has the initial burden of producing evidence that the police seized the defendant without a warrant. Once the defendant proves the seizure was made without a warrant, as in this case, the burden of proof then shifts to the State to prove probable cause for the arrest and the reasonableness of the seizure. *Sims v. State*, 980 S.W.2d 538 (Tex. App.–Beaumont 1998).

## ARGUMENTS

### 1.    The officer did not have reasonable suspicion to detain Ford.

The State failed to preserve error for appeal to argue to this Court that Ford's stop was consensual. The record lacks any argument or objection at the

suppression hearing that the State could have used when Ford's attorney raised the issue that the officer lacked reasonable suspicion to detain Ford. To preserve error, a party must present a timely and specific complaint to the trial judge which states the grounds for the ruling they seek with sufficient specificity to make the trial court aware of the grounds or complaint. TEX. R. APP. P. 33.1(a). The complaint can be made by a request, objection, or motion that was timely and specific as to the grounds of complaint for the trial court to rule adversely, or to refuse to rule despite further objection. *Tucker v. State* 990 S. W. 2d 261, 262 (Tex. Crim. App. 1999). For an objection to be timely, it should be made as soon as the objectionable nature of the evidence becomes apparent to the complaining party. *Ethington v. State*, 819 S. W. 2d 854, 858 (Tex. Crim. App. 1991). Accordingly, Appellant's issue whether Ford's stop was consensual should be overruled. This was an investigatory detention which required reasonable suspicion. *State v. Castleberry*, 332 S.W. 3d460, 466 (Tex. Crim. App. 2011).

A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011)(citing *Terry v. Ohio*, 392 U. S. 1, 21-22, 88 S.Ct.

10

1868(1968)). This is an objective standard that disregards any subjective intent of the officer making the detention and looks solely to whether an objective basis for the detention exists. We look at only those facts known to the officer at the inception of the detention. *State v. Griffey*, 241 S.W.3d 700, 704( (Tex. App. –Austin 2007, pet. ref'd). The factual basis for stopping a person need not arise from the officer's personal observation , but may be supplied by information acquired from another person provided the facts are adequately corroborated by the officer, either through personal observation or through confirmation of enough facts reasonably to conclude the informant's information is reliable. *Alabama v. White,* 496 U.S. 325, 330-31, 110 S.Ct. 2412, 2416-17, 110 L.Ed. 2d 301 (1990).

At the time Officer Rogers announced himself to Ford, he had seen no criminal activity by Ford. He spoke too briefly to Molina, the store employee and informant, to have known if the information was reliable. In fact, the officer could have realized that the information was less than reliable when the store employee stated that Ford had come in with an empty purse, that Ford was still shopping at a corner of the store, with a cart and items in that cart, and had not passed nor was she attempting to pass a purchase point in the store at the time of the officer's arrival, and Ford did not attempt to run out of the store. Indeed, the trial court felt that Molina's testimony at the suppression hearing was essential as the officer had

11

used it to form reasonable suspicion. It also believed that Molina's information was less than credible as restated by Officer Roger in his police report. The trial court's finding that the officer lacked reasonable suspicion to detain Ford should be upheld.

**2.      The officer lacked probable cause to arrest Ford.**

Arrests require a warrant or probable cause. Probable cause exists when the facts and circumstances are such that it would excite a reasonable mind that the person was <u>guilty</u> of the crime of which he is charged with. *Akin v. Dahl,* 661 S.W. 2d 917, 921 (Tex. 1983), cert. denied, 466 U. S. 938, 80 L. Ed. 2d 460, 104 S. Ct. 1911 (1984).

The probable cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *Akin v. Dahl*, 661 S. W. 2d at 920-21. Whether probable cause is a question of law or a mixed question of law and fact depends on whether the parties dispute the underlying facts. When the facts underlying the defendant's decision to prosecute are disputed, the trier of facts, the court in this instance, must weigh evidence and resolve conflicts to determine if probable cause exists, as a mixed question of law and fact. When the facts are not contested, and there is no conflict

in the evidence directed to that issue, the question of probable cause is a question of law which is to be decided by the court.

Officer Rogers states in his report that Ford explained to him or told him during her detention that she had just put the items in her purse, she was not done shopping, and she was going to pay for them before she left. It was clearly visible that she had items in her cart. He reports that she lacked nervousness when he approached her. She had not attempted to pass a cash register, and was in fact, still at the corner of the store which Molina had described. At this point, Officer Rogers, having received an explanation from Ford as to her actions, did not have probable cause to arrest Ford for an unlawful act since it was clear she did not have the specific intent to steal the items at the point of his encounter with her. A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Tex. Penal Code Ann §31.03(a). Appropriation must be accompanied by the specific intent. *Thompson v. State*, 244 S.W. 3d 357 (Tex. App.-Tyler 2006). Officer Rogers states that he arrested her "because she was depriving the store from displaying the items for sale." ( 3RR, Exhibit 1 at p. 18). The trial court believed that the officer arrested for a crime that doesn't exist and is not part of the penal code. ( 2 RR p. 19). Moreover, even if theft as a crime was to be considered, the court found the officer's actions to be premature. ( 2 RR p.

13

19).  The trial court should be upheld in its findings that the officer did not have probable cause to arrest Defendant.  (CR pp. 39, 48)

### 3.  The officer's search of Ford's purse was not incident to an unlawful arrest and therefore illegal.

Ford should have been released from detention after Ford offered an explanation of her intent to pay for the store items, even the items in her purse.  She should have been cleared at that point of any reasonable suspicion of theft the officer may have reasonably had.

Instead, Officer Rogers proceeded to arrest Ford for "depriving the store from displaying the items for sale".  This is not a criminal offense.  Because the seizure of the methamphetamine was not incident to a lawful arrest by Tex. Code of Criminal Procedure Ann. art. 59.03, it was an improper seizure of the drug. An investigative stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop, i.e. probable cause for the crime charged.  The stop cannot be used as a fishing expedition for unrelated criminal activity.  *State* v. *Thirty Thousand Six Hundred Sixty Dollars*, 136 S,.W.3d 392 (Tex. App.-Corpus Christi 2004).   Ford, at the point that she stated she intended to pay for the items, had a privacy interest in the contents of her purse.  There was no legitimate governmental interest in discovering weapons, for example, that overrode her

14

expectation of privacy.  *Stewart v. State*, 611 S.W. 2d 434 (Tex. Crim. App. 1981).

 The trial court's findings that probable cause did not exist to search Defendant's

purse should be upheld.  (CR pp. 39, 48).


## PRAYER

For the foregoing,  Appellee requests this Court to affirm the trial

court's ruling and for all other relief to which Appellee may be justly entitled to.


Respectfully submitted,

__/s/ ***Irma Sanjines***_____
Irma Mendoza Sanjines
SBN 17635655
P. O. Box 4005
Corpus Christi, TX 78469
Tel: (361) 883-6106
Fax: (361) 883-9650
irmasanjines@aol.com

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation because it

contains 3, 327 words.

2.      This brief complies with the typeface requirements because it

has been prepared using WordPerfect X7 in Times New Roman

14 point font for text and 12 point font for footnotes, in standard 10 cpi  typeface.

15

__/s/ ***Irma Sanjines***_____
Irma Mendoza Sanjines

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Appellee Brief was served upon

A. Cliff Gordon, Assistant District Attorney and Attorney for Appellant by

electronic submission on May 26, 2015.

__/s/ ***Irma Sanjines***_____
Irma Mendoza Sanjines